SHORES, Justice.
Plaintiff filed his complaint on May 25, 1984, against Bay Minette Infirmary, charging it with negligence in medical treatment performed on the plaintiff on May 21, 1982.
The defendant filed a motion to dismiss, asserting that the complaint shows on its face that the claim is barred by the applicable statute of limitations, Ala.Code 1975, § 6-5-482.
On June 26, 1984, the plaintiff filed an amendment to his complaint, alleging that the defendant negligently treated the plaintiff on May 21, 1982, and that the “act or omission or failure giving rise to plaintiff’s claim was not discovered until approximately five (5) to seven (7) days later when plaintiff collapsed and was returned to the *717 Bay Minette Infirmary and found to be bleeding internally.”
The defendant then filed a motion for summary judgment, again asserting that the statute of limitations barred the claim. After both sides briefed the issue and after a hearing on the motion, the court granted summary judgment in favor of defendant. Plaintiff appealed. We affirm.
The statute of limitations for medical malpractice claims is § 6-5-482, Code 1975. As here applicable, it provides:
“All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier....” (Emphasis added.)
The allegations of the amended complaint indicate that the plaintiff “discovered” the act or omission made the basis of his charge five to seven days after May 21, 1982, well within the two-year period. This “discovery” cannot operate to extend the two-year time for bringing an action. It is only when the cause of action is not discovered in time to bring it within two years of the act or omission that the statute allows six months after discovery as an additional period in which the action may be commenced. By his allegations, the plaintiff acknowledges that he knew he had a cause of action against this defendant as early as May 28, 1982, at which time he had almost the entire two-year period remaining (calculating from May 21, 1982, the date of the act or omission complained of) in which to bring his action, yet he did not do so. The saving provision of § 6-5-482 is not applicable under these facts.
The plaintiff makes no claim that the defendant was guilty of fraud or in any way concealed any information from him. Therefore, § 6-2-3, Code 1975, has no application here. Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982); Miller v. Mobile County Board of Health, 409 So.2d 420 (Ala.1981).
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.