The plaintiff, George Trammer, appeals, contending that the trial court's determination that the statutory period of limitations had run with regard to his cause of action was error, and, therefore, that the summary judgment for the defendant was improper. We reverse and remand.
Between June 1987 and December 1987, the defendant, Dr. Michael Bernstein, performed two eye operations on George Trammer. Then, in December 1987, Dr. Bernstein allegedly advised Trammer that there was nothing further that Bernstein could do for him and that his vision should return to normal. Trammer contends that on March 17, 1988, he consulted another doctor and that that doctor said that he needed another operation in order to save his eye and that his eye would not, as stated by Dr. Bernstein, return to normal without the further surgery. Trammer sued Dr. Bernstein on March 16, 1990, alleging misrepresentation. The trial court entered a summary judgment for Dr. Bernstein, holding that the applicable statute of limitations was two years, pursuant to § 6-5-482(a), Code of Alabama (1975), and that the two years allowed had expired. Section 6-5-482 reads as follows:
 "(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30, 6-2-39, provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action."
§ 6-5-482, Code of Alabama (1975) (part of the Alabama Medical Liability Act, § 6-5-480 et seq.). Trammer contends that the two-year statutory period of limitations had *Page 574 
not run because, he argues, § 6-5-482(b) provides for the application of the "saving" provision of § 6-2-3, Code of Alabama (1975), to a cause of action for fraud or misrepresentation, with the express limitation that such an action would be barred if not brought within four years after the act, omission or failure complained of. See § 6-5-482, supra. Section 6-2-3 states:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."
At the outset, we note that in Benefield v. F. Hood CraddockClinic, 456 So.2d 52 (Ala. 1984), we considered a claim brought by a woman alleging that her doctor had intentionally withheld information regarding certain medical problems she was having. Relying on § 6-2-3, Code of Alabama 1975, and not proceeding under § 6-5-482, she sued 10 years after the act or omission that she said injured her, alleging that that act or omission had been a fraudulent one. This Court stated:
 "Defendants filed motions to dismiss the complaint as last amended, chiefly on the ground that the issues had been decided by the recent case of [Bowlin Horn] v. Citizens Hospital, 425 So.2d 1065 (Ala. 1982). The motions cited [Bowlin Horn] for the assertions 'that [an action for] fraudulent concealment against a doctor is governed by the Medical Liability Act Statute of Limitations [Code 1975, § 6-5-482(a)] of four years' and that Benefield's action was barred under this limitation.
 "The trial court granted the motions to dismiss, stating in the course of its order,
 " 'that the Plaintiff's relationship with the Defendants, out of which this action arose, was that of a patient; that the facts and circumstances out of which the action arises was from a result of this relationship. The Plaintiff cannot avoid Section 6-5-482(a) by merely stating that the action is based solely on fraud.'
". . . .
 "Not only were the allegedly fraudulent communications part and parcel of the doctor/patient relationship, but they also related solely to Benefield's medical condition. As this Court has observed, in holding that an action brought for assault and battery was barred by the medical malpractice statute of limitations, 'The form of the action is not the decisive test in actions against physicians, surgeons and dentists for malpractice. The decisive test is the substance of the action.' Sellers v. Edwards, 289 Ala. 2, 6, 265 So.2d 438, 440 (1972)."
Benefield v. F. Hood Craddock Clinic, 456 So.2d 52, 53-54
(Ala. 1984). In Benefield, the plaintiff was attempting to bring her cause of action out from under the Medical Liability Act because that Act provided that, notwithstanding the provisions of § 6-2-3, "no action shall be commenced more than four years after the act, omission or failure complained of." She filed her action 10 years after the act or omission. Therefore, her only possible way to recover was to attempt to bring her cause of action completely out from under the provisions of the Act. Such is not the case here. The plaintiff does not argue that his cause of action is not subject to the provisions of the Medical Liability Act; rather, he contends that the provisions of § 6-5-482(b) allow him to bring a fraud or misrepresentation action under the Medical Liability Act, subject to the two-yeardiscovery rule of § 6-2-3 and the four-year maximum for such an action set forth in § 6-5-482(b). We agree.
Instructional on the issue before us is the case ofBowlin Horn v. Citizens Hospital, 425 So.2d 1065 (Ala. 1982). In that case, Justice Maddox considered the following issue:
 "[W]hether fraudulent concealment tolls the statute of limitations in medical malpractice suits, thereby making § 6-2-3 the appropriate limitations period, or whether § 6-5-482 creates an absolute bar to all medical malpractice claims which are brought more than four *Page 575 years after the cause of action accrues."
425 So.2d at 1070. In that case, the plaintiff, Ms. Horn, sued her doctor in 1979 for having left a piece of a sweged needle in her during an appendectomy performed in 1971.425 So.2d at 1066. This Court held that her action was barred, having been brought beyond the maximum limitations period of four years, and stated:
 "The construction of subsection (b) of § 6-5-482
is determinative of the outcome of this case. § 6-5-482(b) reads:
 " 'Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-1-16, 6-2-17, 6-2-30 and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action.'
 ". . . When the Medical Malpractice Act was enacted in 1975, the legislature specifically added the proviso stating '. . . that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of. . . .' . . . . While it is likely that fraudulent concealment would have tolled the operation of the statute of limitations under the terms of Act No. 766 [1953 Ala. Acts, a precursor of § 6-5-482] thus making the one-year discovery rule [now the 'discovery rule' allows two years] the applicable period in which to commence an action (Title 7, § 42 being the predecessor to § 6-2-3), we construe § 6-5-482(b) and the proviso therein as barring recovery for all medical malpractice actions commenced more than four years after the wrongful act or omission producing the injury.
". . . .
 "Furthermore, our research indicates that each of our bordering and several of our neighboring states have enacted statutes which control the commencement of malpractice actions. This research shows that of these eight states, all but two, Kentucky and Mississippi, have special provisions for either fraudulent concealment or foreign objects left in a patient's body or a combination of both. The legislature, as it has the authority to do, could have determined that the four-year limitations period was reasonable because it believed an injury sustained by a patient caused by an allegedly negligent act of a physician, irrespective of fraudulent concealment, would generally become manifest within four years."
425 So.2d at 1070-72 (footnotes omitted) (some emphasis original, other emphasis added). It is clear to us from a reading of Bowlin Horn, that a plaintiff should be entitled to maintain an action based on fraud or misrepresentation arising out of an act or omission by a physician as long as that actionwas filed within two years of the discovery of the fraud ormisrepresentation and within four years of the act or omission.
This case differs from Smith v. Bay Minette Infirmary,485 So.2d 716 (Ala. 1986), in that in Smith the plaintiff alleged negligence and not fraud. In Smith, Justice Shores stated:
 "The plaintiff makes no claim that the defendant was guilty of fraud or in any way concealed any information from him. Therefore, § 6-2-3, Code 1975, has no application here. Bowlin Horn v. Citizens Hospital, 425 So.2d 1065 (Ala. 1982); Miller v. Mobile County Board of Health, 409 So.2d 420 (Ala. 1981)."
485 So.2d at 717.
For the foregoing reasons, we hold that Trammer filed his action for misrepresentation against Dr. Bernstein within the statutory period of limitations.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent. *Page 576