MONROE, Judge.
The plaintiff appeals from a summary-judgment entered for the defendant in a medical malpractice case.
On or about April 1, 1975, Dr. Joseph Cromeans performed surgery to remove cysts from Sharon Burton’s breasts and to remove an IUD that had been implanted by another doctor several years earlier. Dr. Cromeans had previously attempted to locate and remove the IUD -without performing surgery, but these attempts were not successful. So, Dr. Cromeans performed a “D & C” procedure, which required him to manipulate the cervix and uterus, to dilate the cervix, and to use an instrument to scrape the uterine walls. Dr. Cromeans did not locate the IUD with this procedure, and concluded that the IUD had fallen out during a recent heavy menstrual flow that Burton had described to him.
Burton continued to be a patient of Dr. Cromeans for the next 20 years. In 1995, Burton, who had been suffering from excessive cramping and menstrual bleeding, saw Dr. Don Wheeler to request that he perform an “ablation” procedure. Burton testified that she was interested in this procedure because Dr. Wheeler had successfully performed it on her sister. Dr. Wheeler operated on Burton on April 12, 1995. His operative report reflects that “[a] Dalcon Shield [IUD] was noted to be present in the [cervical] cavity and this was removed and the cavity cauterized throughout several times.”
Burton sued Dr. Cromeans on October 31, 1995, alleging fraud and medical malpractice arising out of his failure to locate and remove the IUD. The trial court entered a summary judgment for Dr. Cromeans on January 13, 1997. Burton appealed; her appeal is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
Initially, we note that in order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a properly supported motion for a summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact; “substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In its order, the trial court stated that Burton’s claims were barred by the statute of limitations, found in § 6-5-482, Ala.Code 1975. This section provides:
“(a) All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission, or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.”
§ 6-5-482(a), Ala.Code 1975 (emphasis added).
The trial court held that, pursuant to § 6-5-482, Burton had to file her complaint within four years after the alleged act of malpractice. As the trial court stated, it was on April 1, 1975, that Dr. Cromeans failed to locate and remove the IUD. Also, on that date, he informed her that her IUD had apparently slipped out on its own. Thus, the *826 trial court held that Burton’s claims were barred by the four-year limitation. In addition, the trial court noted that, even if Burton’s claims were not barred by the four-year limitation, she still would have had to file her complaint within six months after April 12, 1995, the date she discovered her IUD had not been removed in 1975. Because Burton did not file her complaint until October 31, 1995, over six months after she had discovered the alleged malpractice, and over 20 years after the alleged acts or omissions occurred, the trial court ruled that her claims were barred by the statute.
Burton argues that the trial court erred in entering the summary judgment, because, she argues, the “continuing treatment doctrine” should apply in this case to toll the running of the statutory limitations period. In Jones v. McDonald, 631 So.2d 869, 873 (Ala.1993), the Alabama Supreme Court held:
“Section 6-5-482 precludes application of the continuing treatment rule because (1) it provides that the action must be filed within two years after the act or omission ‘and not afterwards’; (2) it provides for a discovery rule, which is an alternative to the continuing treatment rule; and (3) it provides in paragraph (b) for tolling provisions but does not include the continuing treatment rule.”
Thus, we conclude that the application of the continuing treatment doctrine is precluded by § 6-5-482.
In addition, the Alabama Supreme Court has held that fraud claims arising from alleged medical malpractice are subject to the four-year statute of limitations found in § 6-5-482. Benefield v. F. Hood Craddock Clinic, 456 So.2d 52 (Ala.1984); Bowlin Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982); see also Trammer v. Bernstein, 596 So.2d 572 (Ala.1991).
We note that, according to Burton’s testimony, the only alleged fraudulent conduct by Dr. Cromeans would have occurred in 1975:
“Q. Okay- Do you recall any conversations about the IUD or about having children that you had with Dr. Cromeans after 1975?
“A. Well, after?
“Q. After 1975.
“A. I can’t — I don’t remember. I can’t recall, no.”
Cleai'ly, the acts giving rise to Burton’s fraud claim did not occur within the four years before she filed her complaint. Thus, the fraud claim is barred by § 6-5-482, Ala.Code 1975.
The trial court properly ruled that Burton’s claims were barred by the statute of limitations. The summary judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.