265 So.2d 438

**Raymond L. SELLERS**

v.

**W. Sterling EDWARDS, III.**

6 Div. 924.

Supreme Court of Alabama.

Aug. 3, 1972.

William W. Ross, George S. Brown, Birmingham, for appellant.

4

Lange, Simpson, Robinson & Somerville and White E. Gibson, Jr., Birmingham, for appellee.

MADDOX, Justice.

Plaintiff, Raymond L. Sellers, brought suit against Dr. W. Sterling Edwards, III, alleging and proving that a "bulldog" clamp was left in his body during an operation performed by Dr. Edwards for an abnormal dilation of an artery, the surgery being performed on May 24, 1964.

After the surgery, Sellers made repeated complaints about pain in the area of the first operation. Almost two years later, an x-ray showed the presence of the clamp in the body near the spot of the first surgery. An operation was scheduled and performed to remove the clamp.

This suit was filed May 10, 1968. At the conclusion of the pleading, there were three counts left in the complaint. One charged a breach of contract, claiming that Dr. Edwards impliedly promised Sellers that the operation would be performed with such care, skill and diligence as surgeons in the same general neighborhood employ, and that Dr. Edwards breached this promise. Another count alleged that Dr. Edwards committed a trespass upon Sellers' body by sewing up the incision and leaving the clamp in the body. The other count alleged an assault and battery upon Sellers.

Dr. Edwards denied the allegations made by Sellers and also set up a defense of the Statute of Limitations of two years. Act No. 766, Acts of Alabama, 1953, p. 1027, published as Title 7, § 25(1), Code of Alabama, 1940 (Recompiled, 1958). Act No. 766 provides:

"All actions against physicians and surgeons, and dentists for malpractice, error, mistake, or failure to cure, whether based on contract, or tort, must be commenced within two years next after the act or omission or failure giving rise to the cause of action, and not afterwards. Provided that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier, provided further that in no event may the action be commenced more than six years after such act. . . ."

Appellant's main argument is directed at a portion of the court's oral charge where-in the court instructed the jury that if the jury were reasonably satisfied from the evidence that the leaving of the clamp in the plaintiff's body was *unintentional* that the two year statute of limitation would apply and their verdict would be for the defendant. The jury found for the defendant.

Appellant cites in support of his position this court's case of Pizitz v. Bloomburgh, 206 Ala. 136, 89 So. 287 (1921). There, this court did affirm the action of the trial court in granting a motion for new trial on the ground that the court erred in giving, at the request of the defendant, this instruction: .

"(7) To make out a case of assault and battery it must appear that the wrong or injury was intentionally done."

This court stated in *Pizitz* that to maintain a civil action for damages for an assault and battery it is not essential that the infliction of injury upon the party assailed should be intended. Appellee does not dispute this principle of law, but claims that in this case it is inapplicable, since the facts here affirmatively show that the only possible cause of action was one for malpractice and that the statute of limitations barred such action.

■ The evidence in this case is clear to the conclusion that the cause of action is governed by the two year statute of limitation. The statute provides that "*all* actions against physicians and surgeons, and dentists for malpractice, error, mistake, or failure to cure, *whether based on contract or tort*, must be commenced within two years next after the act or omission or failure giving rise to the cause of action. . . ." There is no contention made that Dr. Edwards did not have authority to perform the operation. The charge of assault and battery is based on nothing more than that the bulldog clamp was left in his body during the operation.

In view of these facts, error, if any, which resulted from the giving of the oral charge would be harmless Supreme Court Rule 45.

**6**

The crux of this case is whether the plaintiff filed his action in time. It is obvious that he did not file it within the period required by Act No. 766 set out above. The plaintiff probably styled his action as one for an assault and battery in order to prevent his action being barred. The form of the action is not the decisive test in actions against physicians, surgeons and dentists for malpractice. The decisive test is the substance of the action. See: Annotation: Statute of Limitations—Malpractice, 80 A.L.R.2d 320. The substance of this action unquestionably is for malpractice. Such actions, whether sounding in contract or tort, are controlled by the limitations spelled out in Act No. 766.

Appellant says that if Act No. 766 is applicable it is unconstitutional in that it discriminates in favor of physicians, surgeons and dentists and constitutes class legislation that is prohibited by the Fourteenth Amendment to the Constitution of the United States.

A state is not prohibited upon constitutional grounds from making classifications of persons and objects, or from passing laws which apply only to persons within a designated class. Classification is an inherent power of the Legislature but it must not be arbitrary or unreasonable. In order to justify interference by the courts with the wide discretion which the Legislature has in such matters, it should appear that the interests of those generally affected by the act, as distinguished from those of a particular class, require such interference. In Re: Opinion of the Justices, 252 Ala. 559, 561, 42 So.2d 56 (1949).

Several of the states have statutes of limitations which govern actions for malpractice.[1] In states where the constitutionality of a separate statute of limitations for malpractice action has been attacked, our research reveals that such statutes similar to our statute have been upheld. The reasoning in each of the cases is that the Legislature has the inherent power to determine the date and time within which an action may be brought unless the time fixed is clearly arbitrary or unreasonable. See McCarty v. Goldstein, 151 Colo. 154, 376 P.2d 691 (1962); Laughlin v. Forgrave, Mo., 432 S.W.2d 308 (1968).

Act No. 766 is a valid classification created pursuant to the inherent power of the Legislature. The two year time limit in which to bring actions for malpractice is not so arbitrary or unreasonable as to be violative of the Fourteenth Amendment to the Constitution of the United States.

Having considered the appellant's argued assignments of error, we find no reversible error and this cause is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and McCALL, JJ., concur.

---

1. Alabama, Arkansas, Colorado, Connecticut, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Hampshire, New York, North Dakota, Ohio, South Dakota. See Am.Jur.2d, Desk Book, Doc. No. 118 (1962).