Pursuant to Rule 18, ARAP, the United States District Court for the Northern District of Alabama, has requested this Court to answer a question of law which that court deemed determinative of an action before it on which there is no clear controlling precedent in the decisions of the Supreme Court of Alabama.
"In support of said certificate, the following facts are shown to the Court:
 1. Style of the Case.
The style of the case is Auther L. Mayo and Janie Mayo v. Rouselle Corporation; Service Machine Company; Pearl Equipment Company; et al., Civil Action No. 78-G-0967-S, United States District Court for the Northern District of Alabama.
 2. Statement of the Facts.
On August 3, 1974, plaintiff Auther L. Mayo was an employee of National Cabinet Company, employed at its plant in the city of Springville, St. Clair County, Alabama. While about his duties as an employee of National Cabinet Company, plaintiff Auther L. Mayo was operating a machine generally described as a `punch press' when one of his hands became caught in the moving parts of the `punch press' and he suffered various personal injuries. The `punch press' in question had been manufactured by defendants Rouselle Corporation and Service Machine Company, and these defendants sold the `punch press' to defendant Pearl Equipment Company for distribution. Defendant Pearl Equipment Company sold the `punch press' in question to National Cabinet Corporation and delivered same to National Cabinet Corporation on August 8, 1968. As previously stated, it was not until August 3, 1974, that plaintiff Auther L. Mayo was injured while operating the `punch press' during the normal course of his employment at National Cabinet Company.
Plaintiff Auther L. Mayo and plaintiff's wife, Janie Mayo, filed suit in the Circuit Court for Jefferson County, Tenth Judicial Circuit of Alabama, on August 2, 1978, claiming that the manufacture and sale of the `punch press' was governed by the Code of Alabama, Title 7 (a), Section 2-010 [sic], et seq., and that pursuant to those code sections certain implied warranties were made to plaintiff Auther L. Mayo by the defendants, that the `punch press' was of merchantable quality and fit for the particular use as a `punch press,' and that the defendants breached their warranties made to the plaintiff, thereby proximately *Page 451 
causing his injuries. The defendants joined to remove this action, and it was removed to the United States District Court for the Northern District of Alabama on September 5, 1978.
The defendants contend that Code of Alabama, Section 7-2-725
(2) controls this action and that pursuant to said code section the statute of limitations on a warranty claim which involves `equipment' runs four years from the date the equipment is sold, rather than beginning to run on the date the injury occurs.
 3. Questions to be certified.
CERTIFIED QUESTION NUMBER 1
Whether or not Code of Alabama, Section 7-2-725 (1975) violates due process and thus is unconstitutional pursuant to Section 13 of the Alabama Constitution of 1901, where the statute of limitations set forth in that section expires prior to the time the personal injury for which recovery is sought occurs?
CERTIFIED QUESTION NUMBER 2
Whether or not Code of Alabama, Section 7-2-725 (1975), violates equal protection and thus is unconstitutional pursuant to Sections 1, 6 and 22 of the Alabama Constitution of 1901, where the statute of limitations set forth in that section expires prior to the time the personal injury for which recovery is sought occurs?"
Code 1975, § 7-2-725, states:
 (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
 (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.
* * * * * *
The last clause of the above quoted statute was added by the legislature prior to its adoption of the Uniform Commercial Code, and is unique among states adopting the Code.
This section, as to breaches of warranty concerning nonconsumer goods, follows the basic contract law rule that the statute of limitations begins to run when delivery is made. 63 Am.Jur.2d § 221, at 219.
The machine was tendered for delivery on August 8, 1968; the plaintiff had until August 8, 1972, to bring suit for breach of implied warranty against the defendants. Any suit filed after this date would be barred by the statute of limitations.
Plaintiff contends that § 13 of the Alabama Constitution of 1901 compels a finding that Code 1975, § 7-2-725, is unconstitutional. We cannot agree. This section of the Constitution preserves to all persons a remedy for accrued or vested causes of action. Therefore, the right to bring an action for breach of warranty by a third person can be modified, limited or repealed as the legislature sees fit, except where such cause of action has already accrued. Pickettv. Matthews, 238 Ala. 542, 192 So. 261 (1939).
Clearly then, the Code provision is not violative of § 13 of the Alabama Constitution.
Plaintiff's cause of action accrued after the effective date of the Uniform Commercial Code. Therefore, the plaintiff did not have a vested right.
The second question certified to this Court is whether §7-2-725 violates §§ 1, 6 and 22 of the Alabama Constitution of 1901, which provide for equal protection of the law. Peddy v.Montgomery, 345 So.2d 631 (Ala. 1977); Pickett v. Matthews,supra. *Page 452 
Plaintiff contends that equal protection of the law is violated by the creation of various unconstitutional classifications. These include: (1) a class of injured persons who sustain injury within four years from date of delivery of equipment; (2) a class of injured persons who sustain injury outside this four-year period; (3) a class of injured persons who are injured by consumer goods; (4) a class of persons whose injury arises from use of commercial goods; (5) a class of defendants consisting of manufacturers and distributors of commercial goods; and (6) a class of defendants consisting of manufacturers and distributors of consumer goods.
A legislative classification is not prohibited per se. Its validity depends upon its being reasonably related to a legitimate object of the legislation. Plant v. Reid, 294 Ala. 155, 313 So.2d 518 (1975).
Such a statutory discrimination between classes is held to be relevant to a permissible legislative purpose if any state of facts reasonably may be conceived to justify it. McGowan v.Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961);State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 843 (1951).
There are ample facts which would justify our finding that the legislature was within its constitutional limits in enacting § 7-2-725. This is due to the inherent nature of the Uniform Commercial Code itself.
The Uniform Commercial Code makes numerous classifications between consumer and commercial goods, with such distinction not limited to that found in § 7-2-725. See § 7-9-109 (defines consumer goods and equipment). The legislature has made amendments to the official code strengthening this distinction.See, e.g., § 7-2-316 (seller's liability for personal injuries where consumer goods are involved); § 7-2-719 (4) (prevents seller from contractually modifying or limiting buyer's remedy where consumer goods involved). It is clear that the legislature has determined that there is an inherent difference in the use to which commercial goods are to be put.
This Court, furthermore, has expressly upheld as constitutional, in Sellers v. Edwards, 289 Ala. 2,265 So.2d 438 (1972), a medical malpractice statute under which a claim must be brought within four years after the act of malpractice.
 "A state is not prohibited upon constitutional grounds from making classifications of persons and objects, or from passing laws which apply only to persons within a designated class. Classification is an inherent power of the Legislature but it must not be arbitrary or unreasonable. In order to justify interference by the courts with the wide discretion which the Legislature has in such matters, it should appear that the interests of those generally affected by the act, as distinguished from those of a particular class, require such interference."
289 Ala. at 6, 265 So.2d at 440.
We find § 7-2-725 creates a valid classification and is not so arbitrary or unreasonable as to be violative of equal protection as found in §§ 1, 6 and 22 of the Alabama Constitution.
QUESTIONS ANSWERED.
All the Justices concur.