This is a case in which a patient sued her doctors, the hospital, and others, for fraudulently misrepresenting and concealing the true cause of complications she suffered while on the operating table. Defendants argued that the suit was a medical malpractice action and barred by the statute of limitations. The trial court agreed and granted defendants' motions to dismiss. Plaintiff contends that she is suing for damages arising from the fraud, not the medical treatment, and that she discovered the fraud less than a year before bringing the action.
Jacqueline S. Benefield underwent surgery at Sylacauga Hospital on January 11, 1972. According to the allegations of her complaint, she suffered injury because of improper administration of anesthesia or improper operation of the anesthesia machine. She alleged that her doctors knew that the anesthesia procedure was the cause of her injury but intentionally and fraudulently represented to her that her injuries "were caused by naturally occurring medical or biological problems unrelated to her medical care."
The complaint recited as damages that Benefield relied on the fraudulent misrepresentations and "has for the past ten years declined medical treatment, declined to have children and undergone severe emotional trauma and fear of death as a result." The complaint also alleged that Benefield did not discover the fraud until November 19, 1981, and could not have discovered the fraud earlier. Benefield filed her complaint on May 19, 1982.
On January 28, 1983, Benefield filed an amendment to her complaint, adding the following paragraph:
 "This claim and cause of action of the plaintiff is brought pursuant to § 6-2-3 of the Code of Alabama as a fraud action and not as a malpractice action pursuant to § 6-5-482. It is plaintiff's claim that the defendants fraudulently misrepresented to her that she had a biological or medical condition which she did not, in fact, have. In reliance upon said misrepresentations, the plaintiff believed that she did have such a condition and in reliance thereon determined not to have children, declined or refused various forms of medical care and has since the date of said fraud lived in fear of impending loss of life from said non-existent medical condition, resulting in great mental anguish and suffering. All of said injuries resulted from fraudulent misrepresentations, not from the underlying medical care that occurred prior to the defendants' misrepresentations. Plaintiff does not claim that the alleged injuries were caused by the underlying medical care."
Defendants filed motions to dismiss the complaint as last amended, chiefly on the ground that the issues had been decided by the recent case of Horn v. Citizens Hospital, 425 So.2d 1065
(Ala. 1982). The motions cited Horn for the assertions "that [an action for] fraudulent concealment *Page 54 
against a doctor is governed by the Medical Liability Act Statute of Limitations [Code 1975, § 6-5-482 (a)] of four years" and that Benefield's action was barred under this limitation.
The trial court granted the motions to dismiss, stating in the course of its order,
 "that the Plaintiff's relationship with the Defendants, out of which this action arose, was that of a patient; that the facts and circumstances out of which the action arises was from a result of this relationship. The Plaintiff cannot avoid Section 6-5-482 (a) by merely stating that the action is based solely on fraud."
Benefield argued in opposition to the motions to dismiss thatHorn was distinguishable because it dealt with a fraudulent concealment "made only for the purpose of denying recovery for the actual injuries sustained by the malpractice which is concealed." This is a distinction without a material difference. The fraudulent misrepresentations which Benefield alleges her doctors made occurred, if at all, during the course of her treatment by her physicians. They were inextricably a part of the postoperative doctor-patient consultations, just as the alleged fraudulent concealments were in Horn.
Not only were the allegedly fraudulent communications part and parcel of the doctor/patient relationship, but they also related solely to Benefield's medical condition. As this Court has observed, in holding that an action brought for assault and battery was barred by the medical malpractice statute of limitations, "The form of the action is not the decisive test in actions against physicians, surgeons and dentists for malpractice. The decisive test is the substance of the action."Sellers v. Edwards, 289 Ala. 2, 6, 265 So.2d 438, 440 (1972).
Benefield attacks the application of the Medical Liability Act to her case as unconstitutional under § 13 or § 45 of the Constitution of Alabama of 1901. Both of these arguments depend on her insistence that this is a fraud action, not a medical malpractice action. She has not been deprived of a remedy for her injury, in contravention of § 13; she had a remedy, but it now is barred by the statute of limitations, as was the case inHorn. Nor does the Act apply to two subjects, medical malpractice and fraud; it applies only to medical malpractice, and therefore does not violate § 45.
Therefore, just as in Horn, we find that the statute of limitations found in § 6-5-482 (a) applies, not the tolling provision for fraud claims found in § 6-2-3, and thus this action is time-barred. The judgment of the trial court dismissing the action on this basis is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Justices concur.