596 So.2d 572 (1991)
George TRAMMER
v.
Dr. Michael BERNSTEIN.
1900742.
Supreme Court of Alabama.
August 23, 1991.
Rehearing Denied March 27, 1992.
*573 Thomas Allan Wingo, Jr., Birmingham, for appellant.
H.C. Ireland III of Porterfield, Harper & Mills, Birmingham, for appellee.
ADAMS, Justice.
The plaintiff, George Trammer, appeals, contending that the trial court's determination that the statutory period of limitations had run with regard to his cause of action was error, and, therefore, that the summary judgment for the defendant was improper. We reverse and remand.
Between June 1987 and December 1987, the defendant, Dr. Michael Bernstein, performed two eye operations on George Trammer. Then, in December 1987, Dr. Bernstein allegedly advised Trammer that there was nothing further that Bernstein could do for him and that his vision should return to normal. Trammer contends that on March 17, 1988, he consulted another doctor and that that doctor said that he needed another operation in order to save his eye and that his eye would not, as stated by Dr. Bernstein, return to normal without the further surgery. Trammer sued Dr. Bernstein on March 16, 1990, alleging misrepresentation. The trial court entered a summary judgment for Dr. Bernstein, holding that the applicable statute of limitations was two years, pursuant to § 6-5-482(a), Code of Alabama (1975), and that the two years allowed had expired. Section 6-5-482 reads as follows:
"(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
"(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30, 6-2-39, provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action."
§ 6-5-482, Code of Alabama (1975) (part of the Alabama Medical Liability Act, § 6-5-480 et seq.). Trammer contends that the two-year statutory period of limitations had *574 not run because, he argues, § 6-5-482(b) provides for the application of the "saving" provision of § 6-2-3, Code of Alabama (1975), to a cause of action for fraud or misrepresentation, with the express limitation that such an action would be barred if not brought within four years after the act, omission or failure complained of. See § 6-5-482, supra. Section 6-2-3 states:
"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."
At the outset, we note that in Benefield v. F. Hood Craddock Clinic, 456 So.2d 52 (Ala.1984), we considered a claim brought by a woman alleging that her doctor had intentionally withheld information regarding certain medical problems she was having. Relying on § 6-2-3, Code of Alabama 1975, and not proceeding under § 6-5-482, she sued 10 years after the act or omission that she said injured her, alleging that that act or omission had been a fraudulent one. This Court stated:
"Defendants filed motions to dismiss the complaint as last amended, chiefly on the ground that the issues had been decided by the recent case of [Bowlin Horn] v. Citizens Hospital, 425 So.2d 1065 (Ala.1982). The motions cited [Bowlin Horn] for the assertions `that [an action for] fraudulent concealment against a doctor is governed by the Medical Liability Act Statute of Limitations [Code 1975, § 6-5-482(a) ] of four years' and that Benefield's action was barred under this limitation.
"The trial court granted the motions to dismiss, stating in the course of its order,
"`that the Plaintiff's relationship with the Defendants, out of which this action arose, was that of a patient; that the facts and circumstances out of which the action arises was from a result of this relationship. The Plaintiff cannot avoid Section 6-5-482(a) by merely stating that the action is based solely on fraud.'
"....
"Not only were the allegedly fraudulent communications part and parcel of the doctor/patient relationship, but they also related solely to Benefield's medical condition. As this Court has observed, in holding that an action brought for assault and battery was barred by the medical malpractice statute of limitations, `The form of the action is not the decisive test in actions against physicians, surgeons and dentists for malpractice. The decisive test is the substance of the action.' Sellers v. Edwards, 289 Ala. 2, 6, 265 So.2d 438, 440 (1972)."
Benefield v. F. Hood Craddock Clinic, 456 So.2d 52, 53-54 (Ala.1984). In Benefield, the plaintiff was attempting to bring her cause of action out from under the Medical Liability Act because that Act provided that, notwithstanding the provisions of § 6-2-3, "no action shall be commenced more than four years after the act, omission or failure complained of." She filed her action 10 years after the act or omission. Therefore, her only possible way to recover was to attempt to bring her cause of action completely out from under the provisions of the Act. Such is not the case here. The plaintiff does not argue that his cause of action is not subject to the provisions of the Medical Liability Act; rather, he contends that the provisions of § 6-5-482(b) allow him to bring a fraud or misrepresentation action under the Medical Liability Act, subject to the two-year discovery rule of § 6-2-3 and the four-year maximum for such an action set forth in § 6-5-482(b). We agree.
Instructional on the issue before us is the case of Bowlin Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982). In that case, Justice Maddox considered the following issue:
"[W]hether fraudulent concealment tolls the statute of limitations in medical malpractice suits, thereby making § 6-2-3 the appropriate limitations period, or whether § 6-5-482 creates an absolute bar to all medical malpractice claims which are brought more than four *575 years after the cause of action accrues."
425 So.2d at 1070. In that case, the plaintiff, Ms. Horn, sued her doctor in 1979 for having left a piece of a sweged needle in her during an appendectomy performed in 1971. 425 So.2d at 1066. This Court held that her action was barred, having been brought beyond the maximum limitations period of four years, and stated:
"The construction of subsection (b) of § 6-5-482 is determinative of the outcome of this case. § 6-5-482(b) reads:
"`Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-1-16, 6-2-17, 6-2-30 and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action.'
"... When the Medical Malpractice Act was enacted in 1975, the legislature specifically added the proviso stating `... that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of....' .... While it is likely that fraudulent concealment would have tolled the operation of the statute of limitations under the terms of Act No. 766 [1953 Ala. Acts, a precursor of § 6-5-482] thus making the one-year discovery rule [now the `discovery rule' allows two years] the applicable period in which to commence an action (Title 7, § 42 being the predecessor to § 6-2-3), we construe § 6-5-482(b) and the proviso therein as barring recovery for all medical malpractice actions commenced more than four years after the wrongful act or omission producing the injury.
"....
"Furthermore, our research indicates that each of our bordering and several of our neighboring states have enacted statutes which control the commencement of malpractice actions. This research shows that of these eight states, all but two, Kentucky and Mississippi, have special provisions for either fraudulent concealment or foreign objects left in a patient's body or a combination of both. The legislature, as it has the authority to do, could have determined that the four-year limitations period was reasonable because it believed an injury sustained by a patient caused by an allegedly negligent act of a physician, irrespective of fraudulent concealment, would generally become manifest within four years."
425 So.2d at 1070-72 (footnotes omitted) (some emphasis original, other emphasis added). It is clear to us from a reading of Bowlin Horn, that a plaintiff should be entitled to maintain an action based on fraud or misrepresentation arising out of an act or omission by a physician as long as that action was filed within two years of the discovery of the fraud or misrepresentation and within four years of the act or omission. This case differs from Smith v. Bay Minette Infirmary, 485 So.2d 716 (Ala.1986), in that in Smith the plaintiff alleged negligence and not fraud. In Smith, Justice Shores stated:
"The plaintiff makes no claim that the defendant was guilty of fraud or in any way concealed any information from him. Therefore, § 6-2-3, Code 1975, has no application here. Bowlin Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982); Miller v. Mobile County Board of Health, 409 So.2d 420 (Ala.1981)."
485 So.2d at 717.
For the foregoing reasons, we hold that Trammer filed his action for misrepresentation against Dr. Bernstein within the statutory period of limitations.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
*576 MADDOX, Justice (dissenting).
"The form of the action is not the decisive test in actions against physicians, surgeons and dentists for malpractice. The decisive test is the substance of the action." Sellers v. Edwards, 289 Ala. 2, 6, 265 So.2d 438, 440 (1972). In this case, the majority of this Court has embraced form over substance and has allowed the plaintiff to bring a medical malpractice action in the guise of a claim alleging fraud and misrepresentation, thus avoiding the statute of limitations set out in Ala.Code 1975, § 6-5-482.
The facts, as set out in the majority's opinion, are relatively simple. In 1987, Dr. Michael Bernstein performed two eye operations on his patient, George Trammer. In December 1987, Dr. Bernstein informed Trammer that there was nothing further he could do for him, that his eye would return to normal, and that he would have no more pain. Thereafter, Trammer began experiencing pain in his eye and continued to lose his sight. On March 17, 1988, a second doctor informed Trammer that his eye would not return to normal and that another operation was required to save his eye. On March 16, 1990, Trammer filed suit against Dr. Bernstein. The trial court found that the true substance of Trammer's complaint was malpractice and that his claim was barred by the applicable two-year statute of limitations.
The pertinent section of the "Alabama Medical Liability Act" provides as follows:
"All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards...." (Emphasis added.)
§ 6-5-482(a).
This section was applied in Benefield v. F. Hood Craddock Clinic, 456 So.2d 52 (Ala.1984). In Benefield, the plaintiff alleged that her physician had fraudulently misrepresented to her that she had a biological or medical condition that she did not in fact have. In reliance on her doctor's diagnosis, she decided not to have children and refused to obtain certain forms of medical care. Further, because of the information given her by her physician, she lived in fear of losing her life. In that case, this Court quoted, with approval, the trial court's judgment:
"[T]he plaintiff's relationship with the [physician], out of which this action arose, was that of a patient; ... the facts and circumstances out of which the action arises [resulted from] this relationship. The plaintiff cannot avoid § 6-5-482(a) by merely stating that the action is based solely on fraud."
This Court then said:
"The fraudulent misrepresentations which Benefield alleges her doctors made occurred, if at all, during the course of her treatment by her physicians. They were inextricably a part of the post-operative doctor-patient consultations...." (Emphasis added.)
456 So.2d at 54.
This case is like Benefield. Dr. Bernstein's opinion that Trammer would not suffer any future problems with his eye was clearly made as part of his post-operative treatment of Trammer and was clearly communicated during the course of his treatment of Trammer. It is axiomatic that Trammer's right of action accrued at that time and expired two years from that date, in December 1989. The statute specifically says that "[a]ll actions against [medical care providers], whether based on contract or tort" are barred if not commenced within two years next after the act or omission. A fraud action is a tort action. Thus, Trammer's complaint, filed on March 16, 1990, was filed outside the period of limitations and was barred, as correctly determined by the trial court.
This Court's majority opinion essentially construes the statute to read "all actions, except actions for misrepresentation or fraud" must be filed within two years, and the opinion has effectively established a precedent allowing a plaintiff to avoid the statute of limitations set forth in the Medical Liability Act by couching his or her *577 medical malpractice claim in terms of misrepresentation or fraud. A plaintiff may now avoid this two-year statute of limitations by merely alleging that the physician promised an outcome other than that experienced by the plaintiff. Essentially, for purposes of the two-year statute of limitations established by the Medical Liability Act, medical malpractice claims may now be brought as claims of misrepresentation or fraud after the two-year period has expired.
STEAGALL, J., concurs.