"The form of the action is not the decisive test in actionsagainst physicians, surgeons and dentists for malpractice. Thedecisive test is the substance of the action." Sellers v.Edwards, 289 Ala. 2, 6, 265 So.2d 438, 440 (1972). In this case, the majority of this Court has embraced form over substance and has allowed the plaintiff to bring a medical malpractice action in the guise of a claim alleging fraud and misrepresentation, thus avoiding the statute of limitations set out in Ala. Code 1975, § 6-5-482.
The facts, as set out in the majority's opinion, are relatively simple. In 1987, Dr. Michael Bernstein performed two eye operations on his patient, George Trammer. In December 1987, Dr. Bernstein informed Trammer that there was nothing further he could do for him, that his eye would return to normal, and that he would have no more pain. Thereafter, Trammer began experiencing pain in his eye and continued to lose his sight. On March 17, 1988, a second doctor informed Trammer that his eye would not return to normal and that another operation was required to save his eye. On March 16, 1990, Trammer filed suit against Dr. Bernstein. The trial court found that the true substance of Trammer's complaint was malpractice and that his claim was barred by the applicable two-year statute of limitations.
The pertinent section of the "Alabama Medical Liability Act" provides as follows:
 "All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards. . . ." (Emphasis added.)
§ 6-5-482(a).
This section was applied in Benefield v. F. Hood CraddockClinic, 456 So.2d 52 (Ala. 1984). In Benefield, the plaintiff alleged that her physician had fraudulently misrepresented to her that she had a biological or medical condition that she did not in fact have. In reliance on her doctor's diagnosis, she decided not to have children and refused to obtain certain forms of medical care. Further, because of the information given her by her physician, she lived in fear of losing her life. In that case, this Court quoted, with approval, the trial court's judgment:
 "[T]he plaintiff's relationship with the [physician], out of which this action arose, was that of a patient; . . . the facts and circumstances out of which the action arises [resulted from] this relationship. The plaintiff cannot avoid § 6-5-482(a) by merely stating that the action is based solely on fraud."
This Court then said:
 "The fraudulent misrepresentations which Benefield alleges her doctors made occurred, if at all, during the course of her treatment by her physicians. They were inextricably a part of the post-operative doctor-patient consultations. . . ." (Emphasis added.)
456 So.2d at 54.
This case is like Benefield. Dr. Bernstein's opinion that Trammer would not suffer any future problems with his eye was clearly made as part of his post-operative treatment of Trammer and was clearly communicated during the course of his treatment of Trammer. It is axiomatic that Trammer's right of action accrued at that time and expired two years from that date, in December 1989. The statute specifically says that "[a]ll actions against [medical care providers], whether based on contract or tort" are barred if not commenced within two years next after the act or omission. A fraud action is a tort action. Thus, Trammer's complaint, filed on March 16, 1990, was filed outside the period of limitations and was barred, as correctly determined by the trial court.
This Court's majority opinion essentially construes the statute to read "all actions, except actions for misrepresentation or fraud" must be filed within two years, and the opinion has effectively established a precedent allowing a plaintiff to avoid the statute of limitations set forth in the Medical Liability Act by couching his or her *Page 577 
medical malpractice claim in terms of misrepresentation or fraud. A plaintiff may now avoid this two-year statute of limitations by merely alleging that the physician promised an outcome other than that experienced by the plaintiff. Essentially, for purposes of the two-year statute of limitations established by the Medical Liability Act, medical malpractice claims may now be brought as claims of misrepresentation or fraud after the two-year period has expired.
STEAGALL, J., concurs.