628 So.2d 496 (1993)
Ex parte Faith GOLDEN.
(Re Faith GOLDEN
v.
Dr. Samuel G. TOWNSLEY, Jr., et al.)
1920703.
Supreme Court of Alabama.
September 24, 1993.
David M. Cowan of Heninger, Burge & Vargo, Birmingham, for petitioner.
Jack B. Hinton, Jr. and N. Wayne Simms, Jr. of Rushton, Stakely, Johnston & Garrett, Montgomery, for respondent.
KENNEDY, Justice.
The plaintiff, Faith Golden, seeks a writ of mandamus to issue directing the Circuit Court of Lee County to permit Golden's discovery of alleged fraudulent acts against others by the defendant, Dr. Samuel G. Townsley, Jr.; to allow her expert witness to testify; and to allow her second amendment to her complaint. Golden has sued Townsley, alleging, in pertinent part, that he had engaged *497 in a scheme to defraud. The matters she seeks discovery of relate to acts as to others, purportedly similar to fraudulent acts that Golden alleges that Townsley committed as to her. The trial court has denied various requests by Golden that such discovery be made available to her.
In addition, the trial court has denied Golden leave of court to make a second amendment to her complaint and has ruled an expert's testimony inadmissible, as a sanction for failing to timely identify that witness as an "expert."
Golden's petition presents three issues based on these matters. The first is whether Golden's claims are essentially claims of medical malpractice; if they are, then the Alabama Medical Liability Act, with its provision at Ala.Code 1975, § 6-5-551, which forbids Golden from "conducting discovery with regard to any other act or omission," is applicable. The parties agree that if the Alabama Medical Liability Act applies, the trial court correctly disallowed discovery of any other alleged instances of fraudulent behavior by Townsley.
The second issue is whether the trial court erred in denying Golden leave of court to make the second amendment to her complaint.
The third issue is whether Golden did, contrary to the trial court's determination, adequately identify an expert witness by the time of a discovery deadline set by the court, so that the trial court's sanction of excluding the expert's testimony was without basis.
A writ of mandamus is an extraordinary remedy. Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990). It shall issue only where the jurisdiction of the court has been properly invoked; where the petitioner has a clear right to the order sought; where the respondent has an imperative duty to perform and has refused to do so; and where there is no other adequate remedy. Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). As to the three issues raised by Golden, Townsley argues that Golden has failed to show a clear right to the order sought and an imperative duty on the trial court to perform.
The first issue we address is whether the trial court must permit Golden to pursue discovery of an alleged pattern of fraudulent acts. The facts underlying this issue are as follows.
Golden began seeing Dr. Townsley as a dental patient in January 1990. During his treatment of Golden, Townsley purported to discover problems with a tooth that would necessitate a root canal. Townsley performed preliminary work for the root canal and placed a temporary crown on the tooth. Approximately a month later, he placed a permanent crown on the tooth. According to Townsley, because of complications the remainder of the root canal therapy was to be done at a later date. Townsley says that Golden declined to have the later work done and that, as a result, the root canal therapy was never completed.
Golden says Townsley's assistants told her that the root canal therapy was completed. Townsley charged Golden for a completed root canal on the tooth in question. Later, Golden went to Dr. Robert Scott, who in the course of treating her, discovered that no root canal work had been done on any of Golden's teeth. Dr. Scott also determined that, in any event, Golden did not need a root canal.
Thereafter, and through her own investigation, Golden learned of Donna and Scotty Wilson, who were also former patients of Dr. Townsley's. According to the Wilsons, they paid Townsley $798.50 for root canal work, which, Dr. Scott discovered, had never been performed.
Golden sued Townsley, alleging dental malpractice and alleging that Townsley had made misrepresentations to her for the purpose of inducing her to incur expenses for unnecessary medical services that were not, in fact, rendered. Later, by her first amendment to her complaint, Golden averred that Townsley's misrepresentation was a "part or portion of a pattern and practice of [Townsley] to prescribe and perform treatment that was unnecessary and/or never performed in order to charge dental fees for the same."
About her claims, Golden argues that she alleged two distinct matters, malpractice relating *498 to treatment and fraud related to, she says, an overall scheme to defraud her and others out of money.
If this case is, in substance, based on claims of malpractice as Townsley argues, then it is governed in whole by the Alabama Medical Liability Act. In Benefield v. F. Hood Craddock Clinic, 456 So.2d 52 (Ala. 1984), this Court stated that the substance of an action, rather than its form, determines whether an action is a medical malpractice action and, therefore, controlled by the Alabama Medical Liability Act ("the Act"). If the Act applies here, its provision at § 6-5-551 would prevent Golden from seeking discovery of "similar acts." If, however, the Act does not apply to Golden's fraud claim, as she argues, then Golden is entitled to discover the "pattern and practice" evidence she seeks to discover. See C. Gamble, McElroy's Alabama Evidence, § 70.03 (4th ed. 1991) (stating that fraudulent acts similar to that complained of are admissible when "in keeping with a common plan or scheme to defraud"); Ala.R.Civ.P. 26 (stating at Rule 26(b)(1) that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action").
In Benefield, we examined a situation involving allegations of "misrepresentation" by a physician as to the plaintiff's medical condition. The plaintiff argued that she did not claim that her injury arose from her medical care, and, therefore, that her misrepresentation claim was not based on malpractice. We disagreed, noting that the statements in question occurred during the course of treatment and were "inextricably a part of the post-operative doctor-patient consultations." 456 So.2d at 54. We held that the "misrepresentation" claim was premised on malpractice and was therefore controlled by the Act. Id.
Similarly, it is evident that the statements in question in this case were part of preoperative doctor-patient consultations and occurred during the course of treatment. Although in "form" this claim is related to fraud, the "substance" of this claim is malpractice. We note, based on Golden's allegations, that the success of all her claims hinges on whether Dr. Townsley properly determined that she needed root canal therapy and whether he improperly failed to complete the therapyquestions of malpractice.
We determine that the Act applies to Townsley's misrepresentation claim. Therefore, the writ is to be denied as to Golden's request that we direct the trial court to permit discovery as to matters related to an alleged pattern or practice of fraud by Townsley.
As to Golden's second amendment, we also deny Golden's request for relief. That amendment, coming, as it did, less than 42 days before the initial trial setting, was not an amendment of right. See Ala.R.App.P. 15(a). An amendment not of right is permitted "only by leave of court, and leave shall be given only upon a showing of good cause." Ala.R.Civ.P. 15(a). The record does not reveal that Golden established such "good cause" that we must conclude that the trial court had an imperative duty to allow the amendment. If there is any doubt as to the propriety of mandamus, the writ shall not issue. Folmar v. Brantley, 238 Ala. 681, 193 So. 122 (1939); Ex parte Bozeman, 420 So.2d 89 (Ala.1982).
Finally, as to the "expert witness" issue raised by Golden, we agree with Golden that she is entitled to relief. Underlying this issue is the trial court's pretrial scheduling order, which required that Golden identify her experts by a certain deadline. Golden raises no issue as to the trial court's authority to issue such an order and no issue as to its validity. Rather, she argues that she met the deadline. Golden's counsel had, before the deadline, written to opposing counsel about who Golden intended to use as experts and had indicated that although Dr. Scott was not "retained" by Golden, "I intend to depose Dr. Robert Scott, so I will need a date from you for that." Golden later deposed Dr. Scott as to his opinions of Townsley's treatment of her. The trial court, on the motion of Townsley, struck this opinion testimony on the basis that Dr. Scott had not been timely identified as an expert.[1] We *499 agree with Golden that her counsel's statement to opposing counsel was clearly adequate to put opposing counsel on notice that Golden intended to solicit expert testimony from Dr. Scott and complied with the pretrial discovery order.
WRIT GRANTED IN PART; DENIED IN PART.
MADDOX, ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON, J., concurs in part and dissents in part.
HOUSTON, Justice (concurring in part and dissenting in part).
I would deny the writ. Therefore, I concur in part and dissent in part. See Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala.1993) (Houston, J., concurring specially).
NOTES
[1] The trial court did not strike Dr. Scott's testimony as to his treatment of Golden.