Pursuant to Rule 5, Ala.R.App.P., the defendant Mobile Infirmary appeals from an interlocutory order denying its motion to dismiss an action brought by the plaintiff Tonya Delchamps. In her complaint, Delchamps alleged that she underwent bilateral temporomandibular joint arthroplasty to place Vitek II temporomandibular implants in her jaw and that these Vitek II implants proximately caused severe bone degeneration in her temporomandibular joints. Mobile Infirmary filed a motion to dismiss Delchamps's claim seeking damages under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD); her claims alleging breach of express and implied warranties; and her claims alleging negligence in the design, manufacture, and sale or distribution of the Vitek II implants and negligence in failing to adequately warn of dangers associated with their use.
The issues are (1) Whether the limitations provisions of § 6-5-482 of the Alabama Medical Liability Act apply to Delchamps's AEMLD, negligence, and breach of warranty claims arising out of the surgical placement of a temporomandibular implant in her jaw and (2) Whether, if applicable, § 6-5-482
bars Delchamps's claims.[1] According to the allegations of her complaint, Delchamps underwent surgery at Mobile Infirmary's hospital on December 5, 1985, to place two Vitek II temporomandibular implants in her jaw. On December 10, 1991, X-rays revealed that the Vitek II implants had caused severe bone degeneration in her temporomandibular joints.
On June 2, 1992, Delchamps brought this action against Vitek, Inc., Oral Surgery Marketing, Inc., and sundry fictitiously named defendants, alleging that the Vitek II temporomandibular implants placed in her jaw had caused the severe bone degeneration from which she suffered. Delchamps alleged that the Vitek II implants were "defective" within the terms of the AEMLD, that the defendants had negligently designed, manufactured, sold, and/or distributed the implants; that they had negligently failed to warn of the dangers associated with their use; and that they had breached express and implied warranties in selling them to her.
On July 8, 1992, Vitek, Inc., filed a Chapter 7 bankruptcy petition, and Delchamps subsequently dismissed Vitek, Inc. Delchamps also dismissed Oral Surgery Marketing, Inc., after she was unable to serve process on that defendant. On November 23, 1992, Delchamps amended her complaint to substitute Mobile Infirmary for one of the original fictitiously named defendants.
Mobile Infirmary subsequently filed a motion to dismiss, based on the limitations provisions of § 6-5-482. The circuit court denied this motion and denied Mobile Infirmary's later motion to "reconsider," holding that § 6-5-482 was not applicable to the facts as alleged in Delchamps's complaint. The circuit court later entered an interlocutory order, certifying for a permissive appeal the question whether §6-5-482 applies to Delchamps's *Page 956 
AEMLD, negligence, and warranty claims.
Although this interlocutory appeal raises the question whether the Rule 12(b)(6) motion filed by Mobile Infirmary was improperly denied, the general standard of review of a Rule 12(b)(6) motion applies:
 "It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 "Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57
(Ala. 1982)."
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985) (emphasis in original). (Quoted in Greene County Bd. of Educ. v. Bailey,586 So.2d 893, 897-98 (Ala. 1991), Grant v. Butler,590 So.2d 254, 255 (Ala. 1991), and Applin v. Consumers Life Ins. Co.,623 So.2d 1094, 1097 (Ala. 1993).)
The first issue is whether § 6-5-482, Ala. Code 1975, applies to Delchamps's AEMLD, negligence, and warranty claims against Mobile Infirmary.
Section 6-5-482(a) states:
 "All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission, or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year after such date."
On the question whether § 6-5-482 applies to claims as stated in a complaint, substance, not form, is the decisive test.Benefield v. F. Hood Craddock Clinic, 456 So.2d 52 (Ala. 1984); see also Sellers v. Edwards, 289 Ala. 2, 6, 265 So.2d 438, 440
(1972).
In Benefield, the Court decided whether § 6-5-482 applied to a claim of fraud alleged by a patient against her physician, the hospital in which she was treated, and other health care providers. In Benefield the plaintiff suffered injury when an anesthetic was improperly administered during a surgical operation. In her amended complaint, she alleged that the defendants had fraudulently misrepresented to her that the injuries she suffered were caused by medical conditions unrelated to the care she had received. The plaintiff brought her action 10 years after she had suffered the injuries. The circuit court dismissed the action on the ground that the limitations period of § 6-5-482(a) had run. On appeal, the plaintiff argued that her action sounded in fraud, not negligence, and that the statute of limitations applicable to fraud actions, along with the tolling provision of § 6-2-3, applied to her action, not the limitations provisions of §6-5-482(a). *Page 957 
The Court rejected this argument and held that the limitations provisions of § 6-5-482(a) governed. The Court reasoned that the allegedly fraudulent representations arose from a patient-physician relationship and the medical care the plaintiff had received and that the representations related solely to her medical condition. Benefield, 456 So.2d at 54; see also Bowlin Horn v. Citizens Hosp., 425 So.2d 1065
(Ala. 1982); Johnson v. McMurray, 461 So.2d 775, 778 (Ala. 1984); cf. Ex parte Golden, 628 So.2d 496, 498 (Ala. 1993) (holding that § 6-5-551, another part of the Medical Liability Act, applied to the plaintiff's claim of fraud against a defendant physician, because the alleged fraud occurred during "pre-operative doctor-patient consultations").
Mobile Infirmary argues that § 6-5-482 governs actions such as this one, which was brought by a patient and which arose from a surgical procedure done at the defendant's hospital to implant an artificial joint in the patient's body. Relying onBenefield, Mobile Infirmary contends that, like the plaintiff in Benefield, Delchamps cannot escape the limitations provisions of § 6-5-482 merely by alleging AEMLD claims, negligence claims based on the design, manufacture, and sale of the product and on failure to warn, and breach of warranty claims, in lieu of stating claims of medical negligence. Mobile infirmary also argues that the language of § 6-5-482, which states that that statute applies to an action "based on contract or tort," makes it clear that § 6-5-482 applies to actions against health care providers based on claims other than medical negligence. Therefore, Mobile Infirmary argues, even though a health care provider can be a "seller" or "merchant" under Article 2 of the U.C.C. and be liable for damages for breaches of warranty, Skelton v. Druid City Hosp.Bd., 459 So.2d 818 (Ala. 1984), actions against health care providers based on breach of warranty claims are nonetheless subject to the limitations provisions of § 6-5-482.
Delchamps responds by arguing that § 6-2-38(l) — the general two-year statute of limitations — governs her AEMLD claim, her claims of negligent design, manufacture, and sale or distribution and her claim of negligent failure to warn, and that § 7-2-725(1) and (2) — the four-year statute of limitations applicable to breach of warranty claims — governs her claims of breach of express and implied warranty.[2] Relying on Skelton v. Druid City Hosp. Bd., supra, Delchamps argues that her relationship with Mobile Infirmary constituted a "transaction in goods," as well as a "service transaction," and she urges this Court not to reduce this complex relationship to a mere physician-patient, "service" relationship. Delchamps attempts to distinguish Benefield by saying that, unlike the claims of the plaintiff in Benefield, her claims stem from the defendant's role as a "seller" of goods alleged to be defective, not as a provider of services alleged to have been negligently provided. The misconduct alleged in Benefield, Delchamps emphasizes, was integrally part of the medicalservices provided by the patient-plaintiff's physicians.
Looking to the substance of the claims alleged in Delchamps's complaint, we hold that the limitations provisions of § 6-5-482
govern all of those claims. Section 6-5-482 is broad; it applies to all actions alleging "liability" as well as "error, mistake, or failure to cure, whether based on contract or tort." This language encompasses contract claims alleging breach of express and implied warranties, as well as tort claims alleging liability under the AEMLD and alleging negligence in the design, manufacture, sale, or distribution of a product and negligence in the failure to warn of dangers associated with its use. Further, although Delchamps urges this Court to view the relationship between her and the defendant in all of its "complexity" and not to reduce it in procrustean fashion to a relationship of patient-physician or patient-health care provider, the relationship between them is unquestionably one of patient and health care provider. The act that forms the basis of Delchamps's AEMLD, negligence, and warranty claims *Page 958 
not only occurred during the course of her treatment, but also constituted the very medical treatment she sought from Mobile Infirmary.
The next issue is whether the limitations period of § 6-5-482
had run before Delchamps filed her complaint.
The limitations period of § 6-5-482 commences with the accrual of a cause of action. Street v. City of Anniston,381 So.2d 26 (Ala. 1980); Bowlin Horn v. Citizens Hosp.,425 So.2d 1065 (Ala. 1983); Ramey v. Guyton, 394 So.2d 2 (Ala. 1981). A cause of action "accrues" under § 6-5-482 when the act complained of results in legal injury to the plaintiff. Grabertv. Lightfoot, 571 So.2d 293, 294 (Ala. 1990); Colburn v.Wilson, 570 So.2d 652, 654 (Ala. 1990). The statutory limitations period begins to run whether or not the full amount of damages is apparent at the time of the first legal injury.Garrett v. Raytheon Co., 368 So.2d 516, 518 (Ala. 1979). When the wrongful act or omission and the resulting legal injury do not occur simultaneously, the cause of action accrues and the limitations period of § 6-5-482 commences when the legal injury occurs. Moon v. Harco Drugs, Inc., 435 So.2d 218, 219
(Ala. 1983); Ramey v. Guyton, 394 So.2d 2, 4-5 (Ala. 1981).
Mobile Infirmary argues that Delchamps's claims are barred by § 6-5-482 because, it says, they accrued on December 5, 1985, when the Vitek II implants were surgically placed in Delchamps's jaw, not, as she contends, on December 10, 1991, when she "discovered" the injury from X-rays. Mobile Infirmary also contends that in asserting that her claims accrued on December 10, 1991, Delchamps elides the distinction between the date of discovery and the date of legal injury. Mobile Infirmary asserts that, according to the allegations of her complaint, Delchamps was legally injured, however slightly, when the defective implants were surgically inserted into her jaw. Because, Mobile Infirmary says, Delchamps's complaint alleges that she suffered injury at the time of the December 5, 1985, operation, her claims were brought beyond the limitations period of § 6-5-482, which, it says, expired on December 5, 1987.
Delchamps responds by arguing that her causes of action accrued on December 10, 1991, when X-rays first revealed the bone degeneration she alleges was caused by the December 5, 1985, surgical placement of the Vitek II implants. CitingRamey v. Guyton, 394 So.2d 2 (Ala. 1980), Delchamps contends that although the negligent act occurred on December 5, 1985 (the date of the alleged act or omission), the "legal injury" did not occur until December 10, 1991 (the date the X-rays first revealed the bone degeneration). The implication of Delchamps's argument is that the bone degeneration, the "legal injury," occurred, and was not merely discovered, on December 10, 1991. Delchamps contends that her causes of action did not accrue until December 10, 1991, and that, therefore, she filed her action well within the two-year limitations period of §6-5-482, which she says would not have expired until December 10, 1993.
After reviewing the allegations of Delchamps's complaint in light of the applicable standard of review, we cannot say that Delchamps can prove no set of facts that would entitle her to recover. Whether her claims are barred by § 6-5-482 depends on when in fact she first suffered the alleged legal injury, i.e., bone degeneration in her jaw. Delchamps's complaint, as presently amended, alleges the date on which the implant was placed in her jaw and the date on which she first became aware of the alleged injury to her jaw. The key fact not alleged is the time when Delchamps first suffered the alleged bone degeneration. Considering the type of personal injury alleged and the alleged cause of this injury, we must conclude that she may be able to establish that although the implants were placed in her jaw on December 5, 1985, she did not suffer legal injury until December 10, 1991, or some other time within two years of the filing of her complaint. Delchamps is entitled to present evidence establishing the time at which the bone degeneration began.
Moreover, the fact that Delchamps did not allege the date when she first suffered bone degeneration in her jaw is not a ground for a dismissal under Rule 12(b)(6), Ala.R.Civ.P. Although § 6-5-551, Ala. Code *Page 959 
1975, another part of the Medical Liability Act, requires the plaintiff to "include in the complaint filed in the action a detailed specification and factual description of each act andomission alleged by plaintiff to render the health care provider liable to plaintiff," that section does not require the plaintiff to allege with specificity the date on which the plaintiff first suffered legal injury. Therefore, the absence of such a specific allegation is not a ground for a Rule 12(b)(6) dismissal of an action against a health care provider. Moreover, we note, the statute of limitations defense is an "affirmative defense," which the defendant has the initial burden to allege and prove; the plaintiff does not have the initial burden of disproving that defense. Rule 8(c), Ala.R.Civ.P.
We hold, therefore, that § 6-5-482 applies to Delchamps's AEMLD, negligence, and breach of warranty claims, but that the circuit court did not err in denying the Rule 12(b)(6) motion to dismiss, because, on the allegations of her complaint, Delchamps may be able to prove a set of facts under which her claims are not barred by the running of the limitations period of § 6-5-482, Ala. Code 1975.
Based on the foregoing, we affirm the circuit court's denial of the Rule 12(b)(6) motion to dismiss.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Mobile Infirmary also raises the issue whether the circuit court erred in allowing Delchamps to substitute Mobile Infirmary for a fictitiously named party, permitting, it says, the claims alleged against it to relate back under Rule 15(c), Ala.R.Civ.P. The record does not show that this issue was raised in the circuit court; therefore, it has not been preserved for appellate review.
[2] An action alleging negligence, wantonness, or liability under the AEMLD ordinarily must be brought within two years after the cause of action accrued. § 6-2-38(l), Ala. Code 1975. An action based on a warranty claim ordinarily must be brought within four years after the cause of action accrued. § 7-2-725(1), Ala. Code 1975.