MADDOX, Justice.
The question presented by this petition for the writ of mandamus is whether a facility operated by the Alabama Department of Mental Health and Mental Retardation (“the Department”) is an entity covered by the Alabama Medical Liability Act of 1987, § 6-5-540 et seq., Ala.Code 1975 (“the Act”), and specifically § 6-5-551. The Department contends that its facility, the Lurleen B. Wallace Developmental Center, is such an entity and, therefore, that the plaintiff, the personal representative of a patient who died as a result of an accident at the facility, cannot discover evidence of similar occurrences in order to show a pattern and practice of negligence.
Jerry Waite was a resident of the Developmental Center. She was mentally retarded and visually impaired. On October 23, 1996, she attended a chapel service on the premises of the Developmental Center. When the chapel service ended, she apparently wandered out of the building where the service had been held and onto Highway 31. She was struck by a passing car. She died shortly thereafter.
Jerry Waite’s mother, Delores Waite (“Waite”), subsequently filed a lawsuit against the Department and its employees Virginia A. Rogers and Joyce J. Booker, based on Jerry’s death. The lawsuit alleges that the Department and the other defendants wrongfully caused the death of Jerry Waite by negligence in regard to “client accountability” and by failing to erect a fence surrounding the Developmental Center.
The issue presented here arose when Waite served the Department with requests for admissions, including her request no. 18, which read: “Before October 23, 1996, other residents of the Center had walked out onto Highway 31.” The Department objected to answering this request, relying on the provisions of § 6-5-551, Ala.Code 1975, which states that “In any action for injury, damages, or wrongful death ... against a health care provider” the plaintiff shall detail the act or omission complained of and “shall be prohibited from conducting discovery with regard to any other act or omission.”
The parties were unable to agree whether the Department was covered under the provisions of the Act, and Waite filed a “Motion to Compel the Department to Respond to Request number 18.” The trial court granted this motion.
*13 The Department petitions for a writ of mandamus directing the trial court to set aside its order granting Waite’s motion to compel. The effect of such a writ would be to prevent Waite from obtaining discovery of any prior acts of alleged negligence of the Department in the operation of the Developmental Center.
We first state the law that governs. A writ of mandamus is a drastic and extraordinary remedy. Ex parte St. Vincent’s Hospital, 652 So.2d 225, 228 (Ala.1994). In ordinary cases relating to matters of discovery, this Court has consistently noted that a writ of mandamus “is seldom issued because the trial judge possesses great discretion in discovery matters.” Ex parte AMI West Alabama General Hospital, 582 So.2d 484, 486 (Ala.1991) (citations omitted). Under its rulemaking power, this Court adopted Rule 26, Ala. R. Civ. P., and it has interpreted that Rule broadly, stating in one case that “the writ issues more often in instances where the trial court has restricted or prohibited discovery than in instances where liberal discovery has been allowed.” Ex parte AMI West Alabama General Hospital, 582 So.2d at 486.
The Legislature, in adopting the Alabama Medical Liability Act of 1987, made it applicable to “any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care.” § 6-5-551, Ala.Code 1975. This statute further provides that in an action governed by the Act a “[pjlaintiff shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission.” § 6-5-551, Ala.Code 1975.
The Department argues that the trial court erred in compelling an answer as to request no. 18, because, it argues, the Developmental Center is a “health care provider” that is covered by the provisions of § 6-5-551 and the plaintiff is therefore “prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission.” The Department, therefore, seeks to prevent the discovery of evidence of any prior occurrences in which residents of the Developmental Center wandered onto Highway 31, which is located near the Developmental Center.
Using traditional principles of statutory construction, we conclude that § 6-5-551, Ala.Code 1975, does not apply in this case, because there is no legislative history or other evidence to indicate that the Legislature intended the provisions of the Medical Liability Act of 1987 to apply to the Department or to the Developmental Center. Facilities such as the Developmental Center are established and governed by § 22-50-1 et seq., Ala.Code 1975. Had the Legislature intended to include facilities such as the Developmental Center within its definition of a “health care provider” (see § 6-5-542(1)) it easily could have done so; and, if our holding today is not what the Legislature intended, it can amend the Act. Because the Act does not apply, we conclude, as we have consistently done in other cases, that the trial judge possesses great discretion in discovery matters, under the provisions of the Alabama Rules of Civil Procedure. We cannot conclude that the judge has violated his discretion in regard to request no. 18; therefore, the writ of mandamus should not issue. Accordingly, we deny the Department’s petition for the writ of mandamus.
Having determined that § 6-5-551 does not apply in this case, we do not address the question whether the alleged negligence in this case would be considered medical malpractice within the scope of the Act. It could be debatable whether the alleged misconduct would be within the scope of “medical malpractice” as defined by this Court. This Court has held that “the substance of an action, rather than its form, determines whether an action is a medical malpractice action and, therefore, controlled by the Act.” Ex parte Northport Health Service, Inc., 682 So.2d 52, 55 (Ala.1996) (citations omitted) (emphasis original). In Ex parte Northport Health Service, this Court concluded that a nursing home was included within the scope of the Act because the claims in that case “flow[ed] from the treatment or mistreatment of a patient in the nursing home.” 682 So.2d at 55. (Emphasis original.) See, also, Ex parte Golden, 628 So.2d 496, 498 (Ala. *14 1993) (quoting Benefield v. F. Hood Craddock Clinic, 456 So.2d 52, 54 (Ala.1984)).
WRIT DENIED.
HOOPER, C.J., and SHORES, KENNEDY, and SEE, JJ., concur.