On Application for Rehearing
The opinion of April 16, 1993, is withdrawn and the following is substituted therefor.
The defendants, Charles F. Jones, M.D., and Ophthalmology Associates of Mobile, P.A., appeal from a judgment entered on a jury verdict for the plaintiff, Ann McDonald, awarding $50,000 in her medical malpractice action. The issue is whether the "continuing treatment rule" operates to toll the running of the period provided by the medical malpractice statute of limitations, Ala. Code 1975, § 6-5-482, during continuing treatment for a condition as to which the defendant doctor *Page 870 
has allegedly committed malpractice early in the course of treatment.
On April 28, 1987, Dr. Jones performed eye surgery on Ms. McDonald to alleviate her acute dacryocystitis, a condition caused by an infection in the tear sac and tear duct. He treated Ms. McDonald post-operatively until June 1987.
In August or September 1988, Ms. McDonald began to experience tenderness and signs of an infection in the area of the 1987 surgery. She returned on September 13 to Dr. Jones, who diagnosed her condition as a new episode of dacryocystitis, for which he prescribed antibiotic therapy, and he told her the infection would eventually heal. Ms. McDonald last went to Dr. Jones for treatment on November 1, 1988. According to Dr. Jones, the condition had improved at that time. On December 2, she sought treatment from Dr. Murray Christianson, another ophthalmologist. Dr. Christianson performed surgery on Ms. McDonald on December 21, 1988, and discovered a piece of gauze embedded in the tear sac on which Dr. Jones had operated. He removed the gauze as part of his operation. The next day, Dr. Christianson informed her of the presence of the gauze and, according to Ms. McDonald, said that it was the cause of the infection. She experienced no further complications after this surgery.
Ms. McDonald filed a medical malpractice action against Dr. Jones and Ophthalmology Associates of Mobile, P.A., on March 12, 1990, claiming that Dr. Jones had negligently left the gauze in an operative site near her eye and had negligently treated her with oral antibiotics "[f]or approximately one and one-half (1 1/2) years after surgery." The defendants filed a motion to dismiss and a motion for summary judgment on the grounds that the claim was barred by the statute of limitations of the Alabama Medical Liability Act ("the AMLA"), Ala. Code 1975, § 6-5-482. The trial court denied both motions, as well as another summary judgment motion later filed by the defendants.
At the close of the plaintiff's case, and at the close of all the evidence, the defendants filed motions for directed verdicts, which the court denied. The jury returned a $50,000 verdict and the court entered a judgment in accordance with that verdict. The court denied the defendants' motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial or a remittitur. In their summary judgment, directed verdict, and JNOV motions, the defendants raised the statute of limitations and objected to Ms. McDonald's reliance on the continuing treatment rule.
Section 6-5-482 provides:
 "(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier, provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, shall not in any event be barred until the expiration of one year from such date.
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30 and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission or failure complained of; except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action."
Ms. McDonald's cause of action accrued on April 28, 1987, when Dr. Jones *Page 871 
performed the surgery and left the gauze in the site.Grabert v. Lightfoot, 571 So.2d 293 (Ala. 1990); Hudson v.Moore, 239 Ala. 130, 132, 194 So. 147, 148 (1940). Barring application of the continuing treatment rule, therefore, Ms. McDonald had two years from the date of her surgery, that is, until April 28, 1989, to file an action against Dr. Jones. At most, she would have been allowed six months after Dr. Christianson told her about the gauze on December 22, 1988, that is, until June 22, 1989. Thus, her complaint, filed on March 12, 1990, was 10 months and 12 days late under the standard period and 8 months and 18 days late under the discovery period.[1] Unless the continuing treatment rule tolled the running of the 2-year limitations period or unless she submitted evidence of malpractice by Dr. Jones occurring in his treatment of her during the period September through November 1988, the trial court should have entered a judgment for Dr. Jones based on his defense of the statute of limitations.
This Court recognized the continuing treatment rule inHudson v. Moore, 239 Ala. 130, 194 So. 147 (1940), and applied it in Moore v. Averi, 534 So.2d 250 (Ala. 1988). Significantly, neither of those cases was a statutory medical malpractice action: Hudson v. Moore was a common-law medical malpractice action in which the Court discussed the application of the general tort and contract statutes of limitations. Moore v.Averi was an action against a podiatrist. This Court applied the general statute of limitation found in § 6-2-39 instead of the AMLA's limitations provision at § 6-5-482, because Sellersv. Picou, 474 So.2d 667 (Ala. 1985), had held that the AMLA did not apply to podiatrists. In fact, the Court, in obiterdictum, stated in Moore v. Averi:
 "Ala. Code 1975, § 6-5-482, provides that actions under the Medical Liability Act 'must be commenced within two years next after the act or omission or failure giving rise to the claim.' Similar language was found in Ala. Code 1940 (Recomp. 1958), tit. 7, § 25(1); that section derived from a 1953 statute, 1953 Ala. Acts [Act No.] 766. This language would seem to preclude the application of the continuing treatment rule for which the Moores argue; at any rate, no case since 1953 has come to our attention in which a plaintiff has argued for the continuing treatment rule."
534 So.2d at 253 (emphasis added; footnote omitted).
In addition to the language quoted from § 6-5-482(a) in Moorev. Averi, § 6-5-482(b) at least arguably bars the application of the continuing treatment rule. Most of the sections incorporated by reference into § 6-5-482(b) are tolling provisions: for example, § 6-2-3 tolls the running of the limitations period on claims based on fraud until discovery of the fraud; § 6-2-6 tolls the running of the limitations period for an action by a principal against an agent until the principal's liability is ascertained in an action by the aggrieved party; § 6-2-8 tolls the running of limitations periods during disabilities; § 6-2-9 tolls the running of the limitations period for an action against an estate until claims duly filed have been rejected by the personal representative; §6-2-10 tolls the running of a limitations period during the defendant's absence from the state; and § 6-2-13 tolls the running of a contract period of limitations if either party is a subject or a citizen of a country at war with the United States. Furthermore, the last clause of § 6-5-482(b) tolls the running of the period of limitations in the case of a minor under four years of age. With § 6-5-482 giving such a detailed treatment of tolling provisions, it is plausible to argue that the legislature intended to give a complete list of the circumstances in which an action under the AMLA does not have to be "commenced within two years next after the act or omission or failure giving rise to the claim." *Page 872 
Finally, the continuing treatment rule is inconsistent also with the portion of § 6-5-482(a) that allows the filing of a claim within six months after discovery. The defendants argue, and we agree, that the continuing treatment rule is inappropriate in conjunction with a statute of limitations that allows an action to be filed after belated discovery of a claim even if the limitations period has otherwise run. Section6-5-482(a) does provide such a discovery rule: a claim may be filed within six months after it is discovered or reasonably could be discovered, up to four years after the act or omission constituting malpractice. Some courts view the continuing treatment rule as serving essentially the same purpose as a discovery rule, that is, of postponing the running of the limitations period because the plaintiff is not likely to discover the defendant's malpractice so long as the defendant continues to treat the plaintiff.
 "An examination of the cases in which either [the 'physician-patient relationship' doctrine or the 'continuous treatment' doctrine] was adopted reveals that generally the treatment was a judicial effort to soften the harshness of the statutory accrual rule existing at the time. The Kansas legislature preempted policy making on the subject by enacting [a discovery rule]."
Hecht v. First National Bank Trust Co., 208 Kan. 84, 93,490 P.2d 649, 656-57 (1971). See, e.g., Johnson v. Winthrop Labs.Div. of Sterling Drug, Inc., 291 Minn. 145, 190 N.W.2d 77
(1971); Johnson v. Caldwell, 371 Mich. 368, 123 N.W.2d 785
(1963) (noting that the trend since 1949 has been toward the discovery rule).
The Supreme Court of Virginia appears to have adopted its continuing treatment rule because it had rejected a discovery rule. In Hawks v. DeHart, 206 Va. 810, 146 S.E.2d 187 (1966), the court declined to apply a discovery rule. In Farley v.Goode, 219 Va. 969, 252 S.E.2d 594 (1979), the court held that the plaintiff's cause of action accrued at the termination of the defendant's "continuous course of improper examination."219 Va. at 980, 252 S.E.2d at 601. In Farley the court pointed not only to the fact that it had rejected a discovery rule inHawks but also to the legislature's subsequent rejection of a proposed amendment to the statute of limitations that would have provided a discovery rule.
Thus, with the discovery rule in § 6-5-482, the need for judicial adoption of a continuing treatment rule is lessened, if not altogether removed. Such an adoption is especially unwarranted in light of our statute, which provides that the cause of action "must be commenced within two years next after the act or omission or failure giving rise to the claim, andnot afterwards" Section 6-5-482(a).
One rationale for the continuing treatment rule is that the defendant doctor continues to be negligent in not discovering and rectifying the earlier negligent act. Medical negligence must ordinarily be shown by expert testimony. Allred v.Shirley, 598 So.2d 1347 (Ala. 1992); Bradford v. McGee,534 So.2d 1076 (Ala. 1988). Thus, in order to demonstrate that the defendant continued to be negligent during the course of the plaintiff's treatment, the plaintiff must introduce expert testimony or some other competent evidence tending to establish that fact. "[W]here want of skill or lack of care is so apparent . . . as to be understood by a layman, and requires only common knowledge and experience to understand it, expert evidence is not required." Lloyd Noland Found., Inc. v. Harris,295 Ala. 63, 66, 322 So.2d 709, 711 (1975). Leaving a sponge in the patient's body during surgery is a common example of the "want of skill or care" that does not require proof by expert evidence. Northeast Alabama Reg. Med. Ctr. v. Robinson,548 So.2d 439 (Ala. 1989); Riase v. Wood, 540 So.2d 646 (Ala. 1988);Powell v. Mullins, 479 So.2d 1119 (Ala. 1985). It is not apparent, however, that Dr. Jones's later failure to discover the gauze was necessarily the result of a failure to follow the standard of care in his post-operative treatment or in his treatment provided upon her return in September 1988. Thus, expert testimony was necessary to establish that his post-surgical treatment fell below the standard of care.
Although Ms. McDonald alleged that Dr. Jones was negligent in treating her with antibiotics when she returned to him in September 1988, she introduced no evidence supporting *Page 873 
that allegation. Dr. Christianson testified on her behalf, stating that, in his expert opinion, it was beneath the standard of care to leave gauze in a surgical site and that he found gauze in a surgical site when he operated on Ms. McDonald. This, together with other evidence tending to establish that Dr. Jones left the gauze in the operative site, was substantial evidence of malpractice by Dr. Jones during the surgery. There was no evidence, however, that his failure to discover the presence of the gauze during his follow-up treatment of her or his treatment of her with antibiotics when she returned in September 1988 fell beneath the standard of care. Therefore, the judgment cannot be affirmed on the ground that there was evidence of some act of negligence by Dr. Jones within the two years prior to the filing of the action.
This situation contrasts sharply with that in Moore v. Averi, where expert testimony established that Dr. Averi's follow-up care, as well as his surgical procedure, fell beneath the standard of care: "Dr. Ary also stated that, assuming as true Mr. Moore's statement that he complained of pain after the operation, Dr. Averi's failure to take any postoperative X-rays was a deviation from the standard of care." 534 So.2d at 252. We express no opinion in this case whether plaintiffs suing under the general statutes of limitations may invoke a continuing treatment rule absent some evidence of negligence within the period of limitations.
Section 6-5-482 precludes application of the continuing treatment rule because (1) it provides that the action must be filed within two years after the act or omission "and not afterwards"; (2) it provides for a discovery rule, which is an alternative to the continuing treatment rule; and (3) it provides in paragraph (b) for tolling provisions but does not include the continuing treatment rule. Therefore, the continuing treatment rule is not applicable to actions brought pursuant to the AMLA. The trial court should have entered a judgment for the defendants based on the statute of limitations. The judgment is reversed, and the cause is remanded.
APPLICATION GRANTED; OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, STEAGALL and COOK, JJ., concur.
INGRAM, J., dissents.
[1] Section 6-5-482, in its terms, gives a 6-month period after discovery only for claims that were not and could not reasonably have been discovered within the 2-year limitations period. If this provision is read restrictively, a claim discovered 1 year and 364 days after the act of malpractice would have to be filed the next day. A reasonable construction of the statute would be that claims discovered less than 6 months before the 2-year period expires could be filed within 6 months after discovery. This question does not affect this case, and we do not decide it. Whether the law allowed Ms. McDonald 6 months to file an action after Dr. Christianson told her about the gauze or only 4, she did not file a timely action.