YATES, Judge.
This is a medical malpractice case. Tammy Talley and her husband, Lawrence Talley, appeal from a summary judgment in favor of Dr. Marc Q. Sonnier, Dr. Robert van der Meer, and Flowers Hospital, Inc. (hereinafter “the defendants”). This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
On April 5, 1995, the Talleys sued the defendants, alleging that the defendants had been negligent in rendering medical care and treatment to Mrs. Talley and that, as a proximate result, she had suffered pain, mental anguish, and permanent injury and that Mr. Talley had suffered a loss of consortium. The Talleys amended their complaint in, September 1995, specifically alleging that on April 1, 1991, an unnecessary hysterectomy had been-performed on Mrs. Talley and that false representations that she had cancer had been made to her both before and after the surgery. The defendants moved to dismiss, or, alternatively, for a summary judgment. The court, on November 2, 1995, entered a judgment in favor of the defendants; the Talleys appeal.
The Talleys contend that there was a material question of fact as to the date that their cause of action accrued. Mrs. Talley testified in her deposition that she had received care and treatment from June 1990 to October 1991. She stated that she was informed by Dr. Sonnier in March 1991 that she had cancer of the cervix, that it had spread to the lining of her uterus, and that a hysterectomy was the appropriate treatment. On April 1, 1991, Dr. Sonnier and Dr. van der Meer performed a hysterectomy. Mrs. Talley alleges that, post-operatively, she was informed that the original diagnosis was correct; that she was informed the cancer had been removed; and that in October 1991 when she was reexamined to see if the cancer had returned, she was told by Dr. Sonnier that she would need frequent check-ups because “someone who had cancer once was more likely to get it again.” The Talleys argue that the court should have applied the *633 “continuing treatment rule,” which would have extended the limitations period until October 1995, or, in the alternative, that the court should have determined the limitations period to be six months from December 1994, when the Talleys discovered that the operation may have been unnecessary. The Tal-leys sued on April 5,1995.
The defendants argue that the judgment was proper, citing Jones v. McDonald, 631 So.2d 869 (Ala.1993). In Jones, a physician was sued for medical malpractice after he left a gauze in the patient’s eye area following surgery and failed to discover the gauze during follow-up treatment. Our supreme court rejected the “continuing treatment rule” as inapplicable to medical malpractice actions brought pursuant to the Alabama Medical Liability Act of 1987 (“AMLA”) and held that the patient’s action was barred by the statute of limitations provided in the AMLA Id., at 873.
The Talleys’ claim is governed by the AMLA because the alleged malpractice occurred in 1991. See §§ 6-5-480 and 6-5-540, Aa.Code 1975. Section 6-5-482(a) establishes the limitations period for the commencement of an action against a health care provider, as follows:
“All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act....”
We, therefore, apply both the AMLA statute and our usual standard for review of a summary judgment.
Alabama law regarding summary judgments is well settled. Rule 56, Ala. R. Civ. P., establishes a two-tiered standard for entering a summary judgment. Once the mov-ant has made a prima facie showing that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law, the nonmovant must rebut this showing by presenting “substantial evidence.” “Substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in thé exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Willard v. Perry, 611 So.2d 358 (Ala.1992), Lacey v. American Shell Co., 628 So.2d 684 (Ala.Civ.App.1993).
In reviewing the statute and case law, we find support for the Talleys’ argument that they produced substantial evidence to create a material issue of fact regarding the dates for their cause of action. Therefore, the summary judgment could not be based on the statute of limitations. While we agree that the hysterectomy and the initial diagnosis of cancer occurred more than four years before the Talleys sued, Mrs. Talley made follow-up visits, in which she says she was told that she had had cancer, that the cancer had been removed, and that she needed regular- check-ups to guard against recurrence. We conclude that the evidence of these misrepresentations created a genuine issue of fact as to the date on which the claims would have been barred and that a jury could determine that on each visit a séparate act of malpractice occurred.
We reject the application of the continuing treatment rule and find that Jones is distinguishable from this case. There was no evidence in Jones that the physician had made subsequent false representations. See Hood v. Slappey, 601 So.2d 981 (Ala.1992) (supreme court considered cause of action for medical malpractice and fraud to accrue in 1989, although initial surgery was performed in 1985, based on physician’s false statements and breach of the standard of care).
We further determine that there was no need for the Talleys to present additional expert testimony regarding the appro *634 priate standard of care. Although the general rule requires expert testimony to support a medical malpractice claim, our law allows an exception when the breach of the standard of care is obvious to the average layperson. See Ellingwood v. Stevens, 564 So.2d 932 (Ala.1990); see also Rudolph v. Lindsay, 626 So.2d 1278 (Ala.1993). Viewing the record in the light most favorable to the Talleys, we conclude that this case falls within that exception. Therefore, based on the foregoing, we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
THIGPEN and CRAWLEY, JJ., dissent.