I concur with the majority's opinion to the extent it holds the Talleys' claim against Drs. Sonnier and van der Meer is time-barred and to the extent it holds the Talleys did not state a cognizable claim against Flowers Hospital under the doctrine of respondeat superior. However, I must respectfully dissent from the portion of the opinion that, while purporting to reject the "continuing treatment" rule in medical malpractice cases governed by the Alabama Medical Liability Act ("AMLA"), in fact adopts that rule.
Mrs. Talley's hysterectomy occurred on April 1, 1991. The Talleys did not file this AMLA action until April 5, 1995 — more than four years after her alleged injury. Section6-5-482, Ala. Code 1975, provides in pertinent part:
 "(a) [Medical malpractice actions] must be commenced within two years next after the act . . . giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act . . . .
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, Sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30, and 6-2-39; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of;
except, that in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action."
(Emphasis added.) A plain reading of § 6-5-482 indicates that the Talleys' medical malpractice claim falls outside the maximum four-year limitations period and is therefore time-barred.
Nevertheless, the majority notes the evidence of Mrs. Talley's subsequent visits to the defendant doctors and the resulting misrepresentations concerning her medical condition and then holds that the claims based on those misrepresentations are not barred by § 6-5-482. The majority appears to be applying the "continuing treatment" rule, under which the Talleys' malpractice claims would not be barred because the limitations period would begin to run "when the relation of surgeon and patient ends with reference to the ailment treated." Hudson v. Moore, 239 Ala. 130, 133,194 So. 147, 149 (1940). Given the four-year limitations period of §6-5-482, the viability of the Talleys' April 5, 1995, claims of misrepresentation depends on the applicability of the continuing treatment rule to those misrepresentations that arose from Ms. Talley's April 1, 1991, hysterectomy.
In Jones v. McDonald, 631 So.2d 869 (Ala. 1993), this Court held that § 6-5-482, enacted in 1975, abrogated the continuing treatment rule in actions brought under the AMLA. This Court observed that while § 6-5-482(a) expressly adopts a tolling provision that extends the limitations period to a point six months beyond the reasonable discovery of the injury, it did not expressly adopt the continuing treatment rule, which serves the *Page 642 
same function as the discovery rule: to postpone the running of the statutory limitations period because a plaintiff is not likely to discover the malpractice while under the defendant doctor's care. Jones, 631 So.2d at 872. This Court stated that "with the discovery rule in § 6-5-482, the need for judicial adoption of a continuing treatment rule is lessened, if not altogether removed." Id. Accord Street v. City of Anniston,381 So.2d 26, 29 (Ala. 1980) (concluding that "the legislature, by enacting Code 1975, § 6-5-482(a), intended to shorten the time period within which [medical malpractice actions] could be brought").
In Jones, 631 So.2d at 871, this Court further noted that §6-5-482(b) incorporates numerous tolling provisions, including § 6-2-3, which tolls the running of the limitations period on fraud claims until the fraud is discovered, but that §6-5-482(b) does not incorporate the "continuing treatment" rule. In addition, § 6-5-482(b) limits the scope of operation of the various tolling provisions by stating that "notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of." The Jones Court concluded:
 "Section 6-5-482 precludes application of the continuing treatment rule because: . . . [1] it provides for a discovery rule, which is an alternative to the continuing treatment rule; and [2] it provides in paragraph (b) for tolling provisions but does not include the continuing treatment rule. Therefore, the continuing treatment rule is not applicable to actions brought pursuant to the AMLA."
631 So.2d at 873 (emphasis added).
Although the majority concedes that the continuing treatment rule cannot apply to this action, it nonetheless applies that rule by characterizing Mrs. Talley's subsequent visits to the defendant doctors, at which she received diagnoses and advice, as "subsequent misrepresentations [which are] separately actionable incidents of malpractice." 707 So.2d at 638. To the extent, however, that these alleged misrepresentations were not separate and distinct from Mrs. Talley's hysterectomy, but intrinsically related to it, they are part and parcel of the same cause of action. Each of Mrs. Talley's subsequent visits to the defendant doctors directly concerned the conditions leading to and resulting from her hysterectomy. Thus, the majority's holding that claims based on the alleged misrepresentations are not time-barred is effectively an application of the continuing treatment rule to Mrs. Talley's original hysterectomy, even though this rule was specifically rejected by this Court in Jones, supra. Amendment of § 6-5-482
to adopt the continuing treatment rule lies within the prerogative of the Legislature, not this Court. I therefore dissent from the majority's contrary holding.
MADDOX, J., concurs.