BROWN, Justice.
The plaintiff, Joy Schuffert, appeals from a partial summary judgment entered by the Jefferson Circuit Court in favor of the defendant, Dr. Richard E. Morgan, Jr., on the ground that certain claims presented. in Schuffert’s action alleging dental malpractice were barred by the applicable statute of limitations. We affirm in part, reverse in part, and remand.
Dr. Morgan provided dental services to Schuffert on a continuing basis from November 4, 1980, until December 21, 1994. During that period, Dr. Morgan replaced a bridge, performed approximately eight root canals, and placed three crowns on Schuffert’s teeth. One root canal had to be redone and two others were never completed.
On December 21, 1994, Schuffert began to experience a discoloration of her gums and severe dental pain. Because Schuffert was unable to get an appointment with Dr. Morgan, she sought emergency dental treatment from Dr. Martha Wallace Dawson. Dr. Dawson examined Schuffert and referred her to an endodontist. Dr. Dawson informed Schuffert that she had developed cellulitis and periodontal disease and had begun to experience generalized bone loss.
On July 6, 1995, Schuffert sued Dr. Morgan under the Alabama Medical Liability Act (“AMLA”),[1] claiming that Dr. Morgan had improperly performed dental work on Schuffert and that the improper work had caused cellulitis, infection, periodontal disease, and generalized bone loss. She further claimed that Dr. Morgan had breached the applicable standard of care by failing to diagnose and treat the periodontal disease and that this breach had resulted in further damage.
The AMLA provides at § 6-5-548, Ala. Code 1975, in pertinent part:
“(a) In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case.”
Section 6-5-482(a) establishes the limitations period for the commencement of an action against a health-care provider:
“All actions against physicians, surgeons, dentists, medical institutions, or other health care providers for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of *89 facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act.”
On November 19, 1996, Dr. Morgan moved for a partial summary judgment on the ground that, except as to the tooth identified as tooth number 12, the claims were barred by the statute of limitations applicable to malpractice claims. In support of his motion for summary judgment, Dr. Morgan presented the following statements in an affidavit:
“2. The Plaintiff has made allegations regarding various dental work dating back to the early 1980’s. The present action was filed on July 6, 1995; therefore, any alleged acts, errors or omissions occurring before July 6, 1991 would be outside the four year period and thus clearly time-barred.
“3. The alleged wrongful conduct occurring prior to July 6, 1991 is as follows:
“1. Plaintiff alleges improper preparation of a bridge/partial. This work was performed in 1982. (See Dr. Morgan’s depo., pps. 102, 130, 134.)
“2. Plaintiff alleges an improper root canal on tooth number 3. This work was performed in 1983. (See Dr. Morgan’s depo., pps. 103-104, 110, 115.)
“3. Plaintiff alleges an improper root canal on tooth number 6 — Plaintiff claims this occurred in 1982. (See Plaintiffs Amended Complaint and Position Statement.)
“4. Plaintiff alleges an improper root canal on tooth numbers 10 and 11 — Plaintiff claims this occurred in 1986. (See Plaintiffs Amended Complaint and Position Statement.)
“5. Plaintiff alleges an improper root canal on tooth number 5. Plaintiff alleges this occurred in 1986. (Plaintiffs Position Statement.) Moreover, Dr. Morgan never performed a root canal on tooth number 5. (Dr. Morgan’s depo., p. 182.)
“4. In addition, the Plaintiff alleges that dental work was improperly performed by Dr. Morgan more than two years prior to the filing of this suit but less than four years before the filing of this suit. (July 6, 1993 to July 6, 1991.) However, the Plaintiff was aware of the alleged acts, errors or omissions within two years of the act and/or she was aware of facts which would reasonably lead to the discovery of the alleged act, error or omission and did not file suit within the six month ‘saving’ periods. The additional claims which are time-barred are as follows:
“1. Plaintiff alleges that Dr. Morgan did not complete a root canal on tooth no. 23. The work in question was performed on June 8, 1993, more than two years prior to the filing of the present suit. The Plaintiff contends that this was a root canal that was not finished. This allegation is correct. The root canal was not finished because the Plaintiff did not return for subsequent visits to have the root canal finished. (Dr. Morgan’s depo., pps. 161, 164-165.) Importantly, the Plaintiff was aware that it took more than one visit to complete a root canal. (Plaintiffs depo., pps. 83-89.) Since she would obviously be' aware that she did not return for the completion of the root canal, she was aware that it was not completed or certainly aware of facts which would lead her to that discovery.
“Furthermore, the Plaintiff was advised on December 20, 1994, by her subsequent treating dentist, that the root canal had not been finished. (Dr. Wallace’s depo., pps. 79-81.) Since the Plaintiff did not file suit within six months, that claim is time-barred.
“2. Plaintiff alleges that Dr. Morgan improperly performed a root canal in 1992 on tooth no. 14. (See *90 Plaintiffs Amended Complaint and Position Statement.) The Plaintiff was aware of facts to lead her to believe that this root canal was improperly performed since it had to be reperformed on May 24, 1993. (Dr. Morgan’s depo., pps. 154-155.)”
Dr. Morgan further testified that Schuffert had a tendency not to show up for appointments, that she usually “just came in when things hurt,” and that she had had her teeth cleaned only once in the 14 years during which he had provided dental services to her. He stated that in 1991, when Schuffert finally came in to have her teeth cleaned, he found gum disease around her front teeth and that, on that occasion, he tried to emphasize the importance of regular dental hygiene. According to Dr. Morgan, Schuffert refused to come in for routine dental checkups.
In opposition to Dr. Morgan’s motion for a partial summary judgment, Schuffert relied upon the expert opinion of Dr. Martha Wallace Dawson to support her allegation that Dr. Morgan “committed independent breaches of the standard of care” inside the two-year limitations period. Dr. Dawson’s affidavit states, in pertinent part:
“It is my opinion that Richard E. Morgan, D.M.D. breached the applicable standard of care of dentists in treating Joy Schuffert and, as a proximate consequence thereof, caused Joy Schuffert to suffer dental injuries of an acute and permanent nature.
“In my opinion the applicable standard of care would have required Richard Morgan to monitor, recognize and then treat significant dental disease, including periodontitis and bone loss, throughout his course of treatment of Joy Schuffert, which ended December, 1994. This would include each visit through December, 1994. In my opinion significant periodontitis with bone loss and infection would have been present during each visit Joy Schuffert presented to Dr. Morgan over the last several years of his treatment of her. Said condition was left untreated and, in my opinion, should have been treated at some point at any of these visits. As a result, said conditions went untreated and Ms. Schuffert’s dental condition worsened. It is my opinion that not treating these conditions during these office visits breached the applicable standard of care of dentists.”
Dr. Dawson explained in her deposition that dental students are taught that the first responsibility of a dentist before doing any restorative treatment is to clean the patient’s teeth and bring the patient’s periodontal health to an acceptable level. She stated that Dr. Morgan’s failure to clean Schuffert’s teeth and to formulate a treatment plan before proceeding with extensive restorative treatment was a violation of the standard of care. Moreover, she stated that nothing in' Schuffert’s dental chart indicated Dr. Morgan had recommended regularly scheduled cleaning appointments. Finally, Dr. Dawson stated that she was bothered that Dr. Morgan billed Schuffert for dental work he did not perform and that much of the work Dr. Morgan did perform had to be redone.
On January 12, 1999, the trial court granted Dr. Morgan’s motion for a partial summary judgment, stating in its order:
“This matter comes to the Court on the Motion for Partial Summary Judgment filed by defendant, Dr. Richard E. Morgan, Jr. This Court has considered the written argument and evidentiary filings of both parties. This Court further held oral argument on December 15, 1998. After consideration of the filings and arguments of counsel, it is hereby Ordered, Adjudged and Decreed that the Motion for Partial Summary Judgment is granted on the ground that the affected claims stated herein are barred by the applicable statute of limitations.”
On appeal, Schuffert acknowledges that her claims pertaining to the actual dental work performed by Dr. Morgan are barred by the statute of limita *91 tions, but she asserts that she “did not lose her right to recover damages predicated on Dr. Morgan’s failure to diagnose and treat the periodontitis that developed as a consequence of Dr. Morgan’s poor dental work.” Specifically, Schuffert alleges that Dr. Morgan’s failure to diagnose and treat the periodontal disease constitutes separate acts of negligence; thus, she claims, a new statutory period began to run with each visit. Consequently, she contends that any claims predicated on visits to Dr. Morgan that occurred on or after July 6, 1993,[2] cannot be time-barred because these claims were sued upon within two years of the alleged negligence.
In response, Dr. Morgan claims that Schuffert’s allegations regarding his failure to diagnose and treat the periodontal disease flow from her original dental-malpractice claim, which clearly is barred by the statute of limitations. Thus, he argues, Schuffert is attempting to use the continuing-treatment rule to circumvent the limitations provision of the AMLA. Moreover, Dr. Morgan alleges that he informed Schuffert in 1991 that she had bone loss and that it was important to receive regular dental care every six months. Schuffert denies that Dr. Morgan informed her of any bone loss or advised her to come in for regular checkups.
A summary judgment is proper upon a showing “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56, Ala.R.Civ.P.; see Leonard v. Providence Hosp., 590 So.2d 906 (Ala.1991). When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present “substantial evidence” to support his position. Rule 56; Leonard,' supra. The AMLA, at § 6-5-542, defines “substantial evidence” as “that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.”
In a medical-malpractice case, the plaintiff must prove by expert medical testimony that the physician breached the standard of care and by the breach proximately caused the plaintiffs injury. University of Alabama Health Servs. Found, v. Bush, 638 So.2d 794 (Ala.1994). The plaintiff must produce substantial evidence indicating that the “health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case.” § 6-5-548, Ala.Code 1975. In determining whether a summary judgment for the defendant was proper, this Court must view the evidence in a light most favorable to the plaintiff. Cates v. Colbert County-Northwest Alabama Healthcare Auth., 641 So.2d 239 (Ala.1994).
In Jones v. McDonald, 631 So.2d 869 (Ala.1993), this Court rejected the “continuing-treatment rule,” holding:
“Section 6-5-482 precludes application of the continuing treatment rule because (1) it provides that the action must be filed -within two years after the act or omission ‘and not afterwards’; (2) it provides for a discovery rule, which is an alternative to the continuing treatment rule; and (3) it provides in paragraph (b) for tolling provisions but does not include the continuing treatment rule. Therefore, the continuing treatment rule is not applicable to actions brought pursuant to the AMLA.”
Id. at 873.
Schuffert argues that she is not attempting to invoke the continuing-treatment rule; rather, she says, she is alleging that further acts of negligence, independent of the improper dental work, occurred during each subsequent visit to Dr. Morgan when *92 he failed to diagnose and initiate treatment for her periodontal disease and thereby breached the applicable standard of care. She argues that eight such visits occurred between August 24, 1993, and December 21, 1994; thus, she says, this claim for negligence is not barred by the statute of limitations. In support of her argument, Sehuffert relies on Ex parte Sonnier, 707 So.2d 635 (Ala.1997).
Like,the present case, Ex parte Sonnier involved a medical-malpractice action wherein an underlying claim was barred by the statute of limitations. In that case, when the plaintiff was 25 years old, she was informed that she had cancer of the cervix and that a hysterectomy was the appropriate treatment. A hysterectomy was performed in April 1991. The plaintiff was informed after the operation that the initial diagnosis had been correct and that the cancer had been removed. In October 1991, the plaintiff was reexamined to determine whether the cancer had returned. She was informed that she would need checkups twice a year because cancer patients were more likely to have cancer than someone who had never had cancer.
In December 1994, the Sonnier plaintiff read a magazine article about unnecessary hysterectomies. She then obtained her 1991 hospital records and discovered that the 1991 diagnosis of cancer was incorrect. She sued on April 5, 1995, four years and four days after the hysterectomy, alleging that the hysterectomy had been unnecessary and that the defendants had falsely represented to her, both before and after the surgery, that she had, or had had, cancer.
The trial court in Sonnier entered summary judgment in favor of the defendants, based on the statute of limitations. On appeal, this Court held:
“The limitations period for a medical malpractice action begins to run upon the accrual of a cause of action. Mobile Infirmary v. Delchamps, 642 So.2d 954, 958 (Ala.1994). Accrual occurs when the wrongful act ‘results in legal injury to the plaintiff.’ Id. In Delchamps, the plaintiff received a jaw implant and subsequently suffered bone degeneration. This Court held that the key inquiry in determining the accrual date of her claim was not the date of her surgery, or the date on which she became aware of the degeneration, but the time at which she first suffered the degeneration. 642 So.2d at 958. Mrs. Talley suffered the alleged legal injury caused by the performance of the hysterectomy not later than April 1, 1991. Therefore, any claims arising from the performance of the hysterectomy itself are barred by the four-year period of repose.”
707 So.2d at 637. With regard to the remaining issue — whether the summary judgment was proper as to the plaintiffs claims based on the misrepresentations she said her doctors made after her surgery — this Court stated:
“The Talleys argue that the subsequent misrepresentations were separately actionable incidents of malpractice. These alleged misrepresentations took place after the surgery, from April 1991 until October 1991. Claims alleging misrepresentations made during the course of a doctor-patient relationship are claims of malpractice and are governed by the AMLA. Benefield v. F. Hood Craddock Clinic, 456 So.2d 52, 54 (Ala.1984). Therefore, the statutory limitations period for these alleged incidents of malpractice is also two years, although the running of that period would be tolled by Mrs. Talley’s inability to discover the fact that she had a cause of action. Because the Talleys allege that several of the misrepresentations were made after April 5, 1991, the four-year period of repose would not bar claims based on those incidents, if those incidents do give rise to actionable claims of malpractice.”
707 So.2d at 638.
Sehuffert argues that Dr. Morgan breached the applicable standard of care *93 by failing to diagnose and treat periodontal disease, which she says was present in her mouth when she visited him, and that his failure to diagnose and treat the disease during eight office visits she made within the two years before she sued resulted in further injury. We hold that the two-year statute of limitations[3] would not bar claims based on those incidents, if those incidents give rise to actionable claims of malpractice.
Because we conclude that Schuffert timely filed the complaint with respect to the claim alleging a negligent failure to diagnose and treat her periodontal disease, we must determine whether she presented substantial evidence to support that negligence claim.
To establish that Dr. Morgan breached the standard of care by failing to diagnose and treat her periodontal disease, Schuffert proffered the affidavit of Dr. Dawson. In her affidavit, Dr. Dawson stated (1) that periodontitis would have been present during each visit Schuffert made to Dr. Morgan over the last several years; (2) that the applicable standard of care would have required Dr. Morgan to monitor, recognize, and treat the periodontal disease; and (3) that in failing to diagnose and treat the periodontitis, Dr. Morgan breached the applicable standard of care. Viewing the evidence in a light most favorable to Schuffert, we conclude that she presented substantial evidence indicating that Dr. Morgan failed to exercise such reasonable care, skill, and diligence as a dentist would ordinarily exercise in a similar case.-, Nonetheless, this showing will not allow the plaintiffs claim to withstand a summary-judgment motion unless the plaintiff presented evidence of proximate cause — evidence that the breach caused the harm complained of. Brooks v. Goldhammer, 608 So.2d 394 (Ala.1992) (holding that a physician, even though negligent, was not liable absent a showing of proximate causation).
It is well settled that, in order “to prove causation in a medical malpractice case, the plaintiff must prove, through expert medical testimony, that the alleged negligence probably caused, rather than only possibly caused, the plaintiffs injury.” University of Alabama Health Servs. Found. v. Bush, 638 So.2d at 802.
Dr. Dawson stated in her deposition and in her affidavit that Dr. Morgan’s failure to diagnose Schuffert’s periodontal disease caused the condition to go untreated and, as a result, to worsen. She further stated that Dr. Morgan’s failure to treat the periodontal disease was a breach of the applicable standard of care, and that, as a proximate result of that breach, Schuffert was made to suffer dental injuries of an acute and permanent nature. We conclude that Schuffert produced substantial evidence tending to prove that Dr. Morgan beached the applicable standard of care and that the breach proximately caused the injury for which Schuffert seeks damages.
Clearly, the acts giving rise to Schuf-fert’s claims based on the actual dental work did not occur within the two years before she filed her complaint, and, clearly, she did not commence this action within six months after her discovery of the claim, as is permitted by § 6-5^482, Ala. Code 1975. Thus, we affirm the summary judgment insofar as it relates to the restorative dental work performed by Dr. Morgan. However, with regard to Schuf-fert’s claim that Dr. Morgan negligently breached the standard of care by failing to diagnose and treat her periodontal disease, we hold that that claim is not barred by the statute and the evidence presented by Schuffert created a genuine issue of material fact. We therefore reverse the summary judgment insofar as it relates to this claim.
*94 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.

. The Alabama Medical Liability Act of 1987 is codified at Ala.Code 1975, §§ 6-5-540 through -552. That Act specifically includes dentists within the definition of "health care providers” covered under the AMLA. See § 6-5-542(1), which defines "health care provider” as "[a] medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in § 6-5-481.”

. Schuffert alleges that she saw Dr. Morgan eight times between August 24, 1993, and December 21, 1994, and that on each occasion he failed to diagnose and treat her periodontal disease.

. Schuffert did not commence this action within six months of her discovery of the claim; thus, the four-year period of repose is not available to her for any claims that might have accrued beyond the statutory limitations period.